CITY OF BELLEVUE, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE, v. EASTERN SARPY COUNTY SUBURBAN FIRE PROTECTION DISTRICT, APPELLANT.

143 N. W. 2d 62

Filed May 27, 1966. No. 36205.

Richard G. Stehno, for appellant.

John E. Rice, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and RONIN, District Judge.

BOSLAUGH, J.

Beginning in 1959, the city of Bellevue, Nebraska, annexed 24 tracts of land which, also, were a part of the Eastern Sarpy County Suburban Fire Protection District. The city brought this action under section 31-766, R. R. S. 1943, against the fire protection district to determine the rights, duties, and obligations of the parties.

The district court found that the territory annexed by the plaintiff city should be detached and excluded from the defendant and its boundaries changed accordingly; that the defendant should retain all of its assets; and that the defendant should have no further duty to furnish fire protection within the area annexed by the plaintiff. From that judgment the defendant has appealed to this court.

The defendant contends that the plaintiff has no authority to annex territory that is part of a suburban fire protection district; that section 31-766, R. R. S. 1943, is unconstitutional; and that the method prescribed in Chapter 35, article 5, R. R. S. 1943, as amended, for changing the boundaries of a fire protection district is exclusive.

A city of the first class is authorized to annex territory which is contiguous or adjacent to it if it is urban or suburban in character and not agricultural land that

is rural in character. § 16-106, R. S. Supp., 1963. Generally, a city may annex territory that is also a part of the territory of a district or public corporation formed for a limited purpose. City of Pelly v. Harris County Water Control & Improvement Dist., 145 Tex. 443, 198 S. W. 2d 450; State ex rel. East Lenoir Sanitary Dist. v. City of Lenoir, 249 N. C. 96, 105 S. E. 2d 411; In re Annexation of City of Anchorage, 129 F. Supp. 551.

The rule against distinct municipal corporations exercising the same powers, jurisdiction, and privileges within the same territory at the same time applies to municipal corporations whose jurisdiction, powers, and privileges are substantially coextensive in scope and objective. See, 62 C. J. S., Municipal Corporations, § 85, p. 202; 2 McQuillan, Municipal Corporations (3d Ed.), § 7.08, p. 269.

In this state the Legislature has provided the procedure for adjusting the rights, duties, and obligations of sanitary and improvement districts, road improvement districts, and fire protection districts whenever all or any part of the territory of such a district is annexed by a city or village. Section 31-766, R. R. S. 1943, provides that if a part of the territory of such a district is annexed by a city, and the city and district do not agree upon the proper adjustment of all matters growing out of the annexation, either party may apply to the district court of the county where the major portion of the district is located for an adjustment of such matters.

Section 31-766, R. R. S. 1943, further provides that after a hearing upon the application, the district court may enter an order fixing the rights, duties, and obligations of the parties. The division of the assets, liabilities, maintenance, and other obligations of the district is to be equitable and must not prejudice the rights of any bondholder or creditor of the district. In every such case the order "shall require a change of the district boundaries so as to exclude from the district that por-

tion of the territory of the district which has been annexed."

The defendant contends that section 31-766, R. R. S. 1943, is invalid because it is an unlawful delegation of legislative power. The defendant argues that the statute permits the district court to revise the boundaries of the district which is a legislative and not a judicial function.

The authority conferred upon the district court by section 31-766, R. R. S. 1943, is to adjust matters growing out of the annexation. The statute contemplates that the annexation shall be complete at the time the application is filed. Although the order of the district court must recite the change in boundaries which then becomes effective upon the entry of the order, the district court has no discretion as to how the boundaries shall be changed. The statute requires that the order exclude from the district the territory of the district which has been annexed. The annexation by the city determines how the boundaries of the district shall be changed. There is no delegation of authority to the district court to fix boundaries.

The defendant further contends that section 31-766, R. R. S. 1943, is invalid because the act of which it was a part was amendatory of section 16-106, R. R. S. 1943, and did not contain the section which it amended.

Section 16-106, R. R. S. 1943, relates to the authority of cities of the first class to annex territory. Section 31-766, R. R. S. 1943, relates to the adjustment of the rights, duties, and obligations of the district and a city where the city has annexed a part of the territory of the district. Although section 31-766, R. R. S. 1943, recognizes the right of a city of the first class to annex territory which may be a part of a fire protection district, the power to annex is conferred by section 16-106, R. R. S. 1943. Section 31-766, R. R. S. 1943, is a part of an independent act that provides for the automatic detachment of the territory of certain districts when annexed by

cities and villages and the adjustment of the respective rights and obligations of the city and district. It is not amendatory of section 16-106, R. R. S. 1943.

Section 35-513.02, R. S. Supp., 1963, provides a method for the withdrawal of land from a fire protection district upon the petition of the legal voters in the area proposed for withdrawal. In Village of Niobrara v. Tichy, 158 Neb. 517, 63 N. W. 2d 867, this court stated that the method of withdrawal then prescribed by section 35-515, R. R. S. 1943, was exclusive. The Village of Niobrara case was decided in 1954. Since that time, section 35-515, R. R. S. 1943, has been repealed and section 31-766, R. R. S. 1943, has been enacted. The procedure now prescribed in section 35-513.02, R. S. Supp., 1963, is not exclusive.

The judgment of the district court is affirmed.

AFFIRMED.