W. L. Jacobs, for himself and all persons similarly situated, appellee, v. City of Omaha, appellant.

147 N. W. 2d 160

Filed December 16, 1966. No. 36329.

Herbert M. Fitle, Frederick A. Brown, Edward M. Stein, Sebastian J. Todero, Walter J. Matejka, James E. Fellows, Allen L. Morrow, and P. D. Spenceri, for appellant.

John W. Delehant, Jr., for appellee.

Heard before White, C. J., Carter, Spencer, Boslaugh, Smith, and McCown, JJ., and Boyles, District Judge.

Spencer, J.

This action, filed July 20, 1962, challenges the validity of an ordinance requiring a permit and the payment of fees for curb cuts and driveway approaches in the area within 3 miles from the corporate limits of the city of Omaha.

Section 14-419, R. R. S. 1943, as of July 20, 1962, provided: "The city council, in cities of the metropolitan class, shall have the power by ordinance to regulate, in areas within three miles of the corporate limits, except

as to construction on farms for farm purposes, (1) · the minimum standards of construction of buildings, dwellings, and other structures, in order to provide safe and sound condition thereof for the preservation of health, safety, security, and general welfare, and as to electric wiring, heating, plumbing, pipe fitting, sewer connections, ventilation, size of habitable rooms, and the method of constructing buildings, and to provide for inspection thereof and building permits, (2) the removal and tearing down of buildings, dwellings, and other structures in such areas which constitute nuisances because of the dilapidated, unsafe, or rundown condition or conditions, and (3) except as to the United States of America, the State of Nebraska, any county of the state, or any city or village in the state, the nature, kind, and manner of constructing streets, alleys, sidewalks, and sewers."

Pursuant thereto, the city of Omaha adopted section 52.04.030 of the Omaha municipal code, which, so far as material herein, provides as follows: "Streets, alleys and sidewalks. (a) In areas outside the city limits and within three miles of the corporate limits of the city of Omaha, the provisions of all ordinances and requirements applicable within the City of Omaha regarding the nature, kind, and manner of constructing streets, alleys, sidewalks, and sewers shall apply and control, * * * *."

On November 1, 1960, the city adopted chapter 28.12 of the Omaha municipal code. Section 28.12.020 provides as follows: "Permit, Prerequisite. It shall be unlawful for any person to cut, deface, break out or remove any curbing of any street or to construct any driveway approach without first having obtained the permit provided for in the following Section of this Chapter." The fees in question were collected under the provisions of this ordinance.

Section 28.12.010, so far as material herein, provides: "Definitions. Unless otherwise expressly stated or · the context clearly indicates a different intention, the fol-

lowing terms shall, for the purpose of this Chapter have the meanings indicated in this section. * * *

"Driveway Approach. An area, construction or facility between the roadway of a public street and private property intended to provide access for vehicles from the roadway of a public street to private property. For clarification, a driveway approach must provide access to something definite on private property such as a parking area, a driveway or a door at least seven feet wide, intended and used for the entrance of vehicles. * * *

"Street. A public way for the purpose of vehicular and pedestrian travel in the City of Omaha and shall include the entire area within the right-of-way."

The case was submitted on a stipulation of facts. Since November 16, 1960, no building permits have been issued within the 3-mile zone unless the curb cut and driveway approach fee was paid. None of the streets within the 3-mile zone were dedicated to the City of Omaha, but rather all were dedicated to the public for public use. Many of the streets were actually constructed by improvement districts organized under sections 31-727 to 31-766, R. R. S. 1943, and said improvement districts included curb cuts which were poured at the time of the paving so that no curb cut was made at the time of the driveway construction. There are so many persons involved whose rights are similar to those of the plaintiff that it was impractical to join them all as parties plaintiff. This action is properly brought as a class action.

The trial court held that the city had no power to control curb cuts and driveway approaches outside the city, and found the ordinance in question void. The total amount of the fees collected by the city under the ordinance was $79,155, and this amount was ordered paid into court for distribution under further order of the court. The city perfected an appeal to this court.

At the outset, we note that an amendment to section

14-419, R. R. S. 1943, in 1965 eliminated the questions here presented for the future, but for the purpose of this action this statute must be construed as it existed in 1962.

Our law is well settled: "* * * that a municipal corporation 'possesses, and can exercise, the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation— not simply convenient, but indispensable.'" Christensen v. City of Fremont, 45 Neb. 160, 63 N. W. 364.

Essentially, the question presented is whether section 14-419, R. R. S. 1943, is broad enough, within the ambit of this rule, to permit the city to regulate curb cuts or to control construction of driveway approaches after the initial construction of the street. Appellee concedes that the curb is a part of the street, and that section 14-419, R. R. S. 1943, grants the city the power to regulate the initial construction of street curbing. Appellee's position, however, is that the statute does not give regulatory power over streets, but merely gives regulatory power over "the nature, kind, and manner of constructing streets."

Statutes granting powers to municipalities are to be strictly construed, and where doubt exists such doubt must be resolved against the grant. Nelson-Johnston & Doudna v. Metropolitan Utilities Dist., 137 Neb. 871, 291 N. W. 558. Is there sufficient doubt in the wording of section 14-419, R. R. S. 1943, to bring it within the operation of this rule? We hold there is not.

The statutory language is: "* * * to regulate * * * the nature, kind, and manner of constructing streets." Appellee adopts the premise that: "It is clear that making curb cuts upon public streets is in the nature of maintenance or repair work," and then argues that "to regulate construction" cannot be interpreted as including the right to regulate repair or maintenance work.

Assuming the correctness of appellee's premise, which

we do not concede as suggested hereafter, the obvious purpose of the statute is to give the city an opportunity to fix and maintain minimum standards in an area which may in the immediate future be a part of the city. Without some restriction, the area developers could saddle the city with inferior streets. If the appellee is correct, the city, for its protection, may control the construction in the first instance, but loses all right to insist on the preservation of the applicable standards as soon as the street is built. This obviously is not the intent of the statute. The statute must be considered as a whole. The broad scope of the first two classifications suggests the grant in question is not so limited as appellee would have us hold.

Construed in context, it is apparent that the power to change the street, which a curb cut would be, or install a driveway approach which involves a curb cut, is not a repair but is in effect a new installation or construction. The statute as we construe it applies not only to the first but to every construction, or, more properly, every reconstruction. While curb cuts and changes in the street are not expressly mentioned, they are certainly incident to the power to "regulate the manner of constructing." We hold, therefore, that the application of the provisions of section 28.12.020 of the Omaha municipal code to the 3-mile zone area can be fairly implied from the power granted to the city of Omaha by section 14-419, R. R. S. 1943.

For the reasons given, the judgment of the trial court should be reversed and the action dismissed.

REVERSED AND DISMISSED.

McCOWN, J., dissenting.

I respectfully dissent, basically upon the ground that curb cuts and driveways primarily involve access to, and, therefore, regulatory power over the use of streets, rather than the "nature, kind, and manner of constructing streets, alleys, sidewalks, and sewers."

Where statutes which admittedly are required to be

strictly construed describe specifically only "streets, alleys, sidewalks, and sewers," it requires straining of construction to include private driveways as though they had been specifically mentioned.

I am therefore of the opinion that the judgment of the trial court was correct and should be affirmed.