WALLACE GANT, JR., IN PERSON AND FOR ALL PERSONS SIM-
ILARLY SITUATED, APPELLANT, V. CITY OF LINCOLN, NE-
BRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.
225 N. W. 2d 549

Filed February 6, 1975. No. 39506.

Friedman & Berry and Healey, Healey, Brown, Wie-
land & Burchard, for appellant.

Bauer, Galter & Geier and Charles D. Humble, for
appellees.

Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler,
for amicus curiae.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

Between September 2, 1969, and December 24, 1969, a total of $20,355.60 was erroneously deducted for pension purposes from the salaries of policemen and firemen by the city of Lincoln. Plaintiff, a Lincoln policeman, filed a class action on behalf of himself and all Lincoln policemen and firemen to recover the amount due. Judgment was entered against the city by stipulation for the sum due. Plaintiff had entered into a contingent-fee contract with his attorney. This contract was approved by the court and attorney's fees allowed against the fund recovered on the contractual basis. Subsequently, after the term of court at which judgment was entered had terminated, the firemen, appellees, filed a motion to vacate the judgment on the ground that the suit was not a class action and that the judgment was void because due process requires that notice of suit be given all members of the class represented. The judgment was vacated. We reverse the judgment of the District Court.

Parties entitled to share in the fund in question numbered approximately 400 and the amounts due each were relatively small thus discouraging and rendering impractical the bringing of individual suits; the questions of law and fact presented were common to all and definitely predominated over individual interests; the claims of the interested individuals were similar to plaintiff's; in representing his own interests, plaintiff necessarily was required to represent the interests of all members of the class represented; and the class action rendered unnecessary the proliferation of litigation by individual suits. The accepted requirements for a class action were present. See, Keedy v. Reid, 165 Neb. 519, 86 N. W. 2d 370; Jacobs v. City of Omaha, 181 Neb. 101, 147 N. W. 2d 160. Section 25-319, R. R. S. 1943, provides

the basis for class actions in Nebraska. It provides: "When the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." The statute is in line with generally accepted practices. See 59 Am. Jur. 2d, Parties, § 54, p. 421, wherein it is stated: "As originally laid down in the decisions of the courts of chancery a class suit is an exception to the usual rules, an invention which enables the court to proceed to a decree where the number of persons interested in the litigation is so great that their joinder as parties in conformity to the usual rules of procedure is impracticable. In such cases, where the interests of those not joined are of the same class as the interests of those who are, and where it is considered that the latter fairly represent the former in the prosecution of the litigation of the issues in which all have a common interest, so that the case may be tried fairly and honestly, the court will proceed to a decree." See, also, Hansberry v. Lee, 311 U. S. 32, 61 S. Ct. 115, 85 L. Ed. 22, 132 A. L. R. 741.

In determining whether a class action is properly brought, considerable discretion is vested in the trial court. In the absence of appeal, that decision is final and even though it may have been erroneous, it is not void. In the present instance the case did not come within the purview of section 25-2001, R. R. S. 1943, and unless the judgment was void, the District Court was without authority to set it aside.

The final question presented deals with due process. If violated, the judgment is void and a nullity. The case of Hansberry v. Lee, *supra*, held that where the parties purported to be represented by plaintiff did not necessarily have identical interests in the subject of the action, a judgment against one not made a party by the service of process was void as violative of due process requirements. The court did, however, recognize a dis-

tinction in regard to representative suits and stated: "To these general rules there is a recognized exception that, to an extent not precisely defined by judicial opinion, the judgment in a 'class' or 'representative' suit, to which some members of the class are parties, may bind members of the class or those represented who were not made parties to it.   *   *   *

"In such cases where the interests of those not joined are of the same class as the interests of those who are, and where it is considered that the latter fairly represent the former in the prosecution of the litigation of the issues in which all have a common interest, the court will proceed to a decree,  *  *  *."   It further stated: "Nevertheless, there is scope within the framework of the Constitution for holding in appropriate cases that a judgment rendered in a class suit is res judicata as to members of the class who are not formal parties to the suit.   Here, as elsewhere, the Fourteenth Amendment does not compel state courts or legislatures to adopt any particular rule for establishing the conclusiveness of judgments in class suits; cf. Brown v. New Jersey, 175 U. S. 172; Brown v. Mississippi, 297 U. S. 278; United Gas Public Service Co. v. Texas, 303 U. S. 123; Avery v. Alabama, 308 U. S. 444, 446, 447, nor does it compel the adoption of the particular rules thought by this Court to be appropriate for the federal courts.   With a proper regard for divergent local institutions and interests, cf. Jackson County v. United States, 308 U. S. 343, 351, this Court is justified in saying that there has been a failure of due process only in those cases where it cannot be said that the procedure adopted, fairly insures the protection of the interests of absent parties who are to be bound by it.   *   *   *

"It is familiar doctrine of the federal courts that members of a class not present as parties to the litigation may be bound by the judgment where they are in fact adequately represented by parties who are present, or where they actually participate in the conduct of the

litigation in which members of the class are present as parties, * * *." This case remains the authoritative federal decision on the question of due process.

We note the later decision of Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306, 70 S. Ct. 652, 94 L. Ed. 865. The case is not in point. It was not a class action. No member of the interested class was a party to the suit and their interests were adverse to plaintiff's. Consequently due process required notice.

Appellees rely upon the case of Eisen v. Carlisle & Jacquelin, 417 U. S. 156, 94 S. Ct. 2140, 40 L. Ed. 2d 732, and this was the case relied upon by the District Court in vacating the former judgment. The case was before the Court of Appeals for the Second Circuit on three occasions. See, 370 F. 2d 119, 391 F. 2d 555, and 479 F. 2d 1005. It is true that on at least one occasion the Court of Appeals held that due process required the service of process on all parties in all representative actions. When the case was finally determined in the United States Supreme Court, the lower court opinions were vacated and the case determined solely on the basis of the Federal Rules of Civil Procedure, Rule 23. The case was held to be one covered by Rule 23 (b) (3) and (c) (2) wherein the rule required the service of process on all members of the class affected. It is not authority for a statement that notice to class members is required by constitutional due process in all representative actions. The rule of this case appears in the following statement: "Turning to the merits of the case, we find that the District Court's resolution of the notice problem was erroneous in two respects. First, it failed to comply with the notice requirements of Rule 23 (c) (2), and second, it imposed part of the cost of notice on respondents." It leaves inviolate the prior federal decisions on the subject.

Nebraska does not have a rule similar to the federal rule and we still adhere to the general rule which dispenses with such notice in representative actions.

The judgment of the District Court vacating its former judgment is reversed.

REVERSED AND REMANDED.