CLEMENS MOBILE HOMES, INC., APPELLANT, V.
GUERDON INDUSTRIES, INC., ET AL., APPELLEES.

260 N. W. 2d 310

Filed December 14, 1977. No. 41059.

James R. Hancock, for appellant.

Robert P. Chaloupka of VanSteenberg, Brower, Chaloupka, Mullin & Holyoke, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCown, J.

This is an action by Clemens Mobile Homes, Inc., against the defendants Guerdon Industries, Inc., and Nebraska Mobile Homes Mfg. Corp., for damages for breach and termination of a contract under which plaintiff was to be a dealer for the sale of trailers and motor homes manufactured by defendants. The District Court granted defendants' motion for summary judgment and dismissed plaintiff's petition. Plaintiff has appealed.

The evidence considered by the court on the motion for summary judgment consisted of two depositions, one by Jerald E. Clemens, the president and principal owner of plaintiff; and the other by Tom Wilson, the general manager of defendants. These two individuals, one acting for the plaintiff and the other for the defendants, entered into the 1971 oral agreement which forms the general basis for this action.

Clemens, who had been previously employed by an automobile dealer, decided to go into business for himself, and thereafter formed the plaintiff corporation whose stock was owned by him and his wife. In March or April of 1971, after negotiations with several different manufacturers of mobile homes, the plaintiff entered into an oral agreement with the defendants to be the exclusive dealer for defendants' product line in the Scottsbluff-Gering, Nebraska, area. Plaintiff was to use its best efforts to advertise, promote, and sell the defendants' products. There is a conflict in the evidence as to the extent of the plaintiff's territory, and as to whether or not plaintiff was entitled to sell competing product lines of other manufacturers. Plaintiff's testimony was that its exclusive sales territory area was Western Nebraska and Eastern Wyoming, and that there was no limitation upon plaintiff's right to buy and sell mobile homes of other manufacturers. Defendants' evidence was that plaintiff's territory was limited to

the Scottsbluff-Gering, Nebraska, area, and that plaintiff was to handle defendants' products exclusively and was not entitled to handle competing product lines of other mobile home manufacturers. Defendants' evidence also was that in 1972 and 1973 plaintiff sold and dealt in mobile homes of other manufacturers and from that time on the plaintiff was no longer an exclusive designated dealer, and that after 1973 defendants sold to other dealers as well as to the plaintiff in the plaintiff's former exclusive sales area. The plaintiff's evidence was that when it discovered that defendants were selling to other dealers in its area it advised defendants that plaintiff considered it a violation of the agreement and that the defendants then agreed to stop the practice but did not. The parties agree that the contract was not for any definite term but was to be in effect for the period of their working relationship.

In January 1975, to induce plaintiff to purchase three of defendants' modular homes, defendants agreed to put three other modular homes on plaintiff's lot for display purposes. There were to be factory rebates on final sale of the three modular homes which plaintiff itself purchased, and customer rebates on certain other homes on the lot. Defendants deny any binding agreement in connection with these units.

On April 21, 1975, the defendants wrote a letter to plaintiff stating that since plaintiff had indicated previously that it no longer wanted to do business with defendants, plaintiff would no longer be considered defendants' dealer, and that if plaintiff had any sold orders, defendants would honor those orders for 30 days. Plaintiff contends that the agreement was terminated by the letter. Defendants contend that the plaintiff had orally terminated the agreement at an earlier date. In May 1975, defendants removed the three modular homes from plaintiff's lot and there were no further transactions be-

tween the parties. Thereafter this action was filed by plaintiff.

Plaintiff's amended petition alleges four separate causes of action. The first cause of action seeks damages for the termination of the dealer agreement without just cause or sufficient notice. The second cause of action seeks damages arising from defendants' removal of the three modular homes from plaintiff's lot and its termination of the rebate agreement. Plaintiff's third cause of action seeks an accounting and damages for defendants' breach of the dealer agreement in making sales to other dealers within plaintiff's exclusive territory in violation of the agreement. The fourth cause of action alleges that defendants failed to honor warranties on mobile homes manufactured by defendants and sold by plaintiff, and seeks recovery for funds reasonably expended by the plaintiff in making repairs and fulfilling warranties for which the defendants were primarily liable. Defendants' evidence was that it had never failed to repair any warranted products but admitted there had been disputes with plaintiff over what was or was not covered by warranties.

The District Court found that no dispute exists as to any material issue of fact and granted summary judgment against the plaintiff and dismissed its petition.

Defendant's position that summary judgment was proper here is not based on the argument that there was no factual dispute in the evidence but instead is based on the argument that even if plaintiff's evidence be accepted there was no mutuality of obligation where the plaintiff was not bound to buy defendants' products exclusively but defendants were bound to sell exclusively to plaintiff. Defendants therefore contend that there was no enforceable contractual relationship and that whatever the agreement was, it was terminable at will by either party, with or without cause. Whatever the validity of the

argument, its resolution depends upon the determination of facts.

This court has previously answered defendants' contentions in similar cases involving oral agreements for exclusive sales agency contracts which had no specific duration. We have held that mutuality of obligation is not essential in such agreements where there is any other consideration for the contract. We have also held that a person in the position of the plaintiff under such an agreement ought to have a reasonable time and notice of cancellation of the contract "in order that he might have a reasonable opportunity to put his house in order." What constitutes a reasonable time must be determined from the general nature and circumstances of each case. See, Elson & Co. v. Beselin & Son, 116 Neb. 729, 218 N. W. 753; Ansbacher-Siegle Corp. v. Miller Chemical Co., 137 Neb. 142, 288 N. W. 538.

Plaintiff's first and third causes of action were directly based upon the agreement of 1971. The terms of that agreement, and the presence or absence of consideration for it, were clearly in dispute. There was no evidence whatever with respect to whether 30 days was a reasonable time for termination and there was also a dispute as to who terminated the agreement, whatever it was. The second and fourth causes of action do not rise or fall with the first and third causes of action. The second cause of action is based upon an agreement in 1975 rather than 1971, and the subject matter deals with three modular homes purchased by the plaintiff and three modular homes placed on plaintiff's lot by defendants. The nature and extent of that agreement are in dispute, as well as the right to terminate it. The fourth cause of action dealt with warranties. The rights and liabilities of the parties under those warranties rested upon factual issues entirely different than the rights and liabilities of the parties under the 1971

agreement, whatever that agreement might have been.

The moving party is not entitled to summary judgment except where there exists no genuine issue as to any material fact, and where under the facts he is entitled to judgment as a matter of law. Summary judgment is an extreme remedy and should be awarded only when the issue is clear beyond all doubt. Any reasonable doubt touching the existence of a material issue of fact must be resolved against the moving party. Barnes v. Milligan, 196 Neb. 50, 241 N. W. 2d 508.

The issue to be tried on a motion for summary judgment is whether or not there is a genuine issue as to any material fact and not how that issue should be determined. In considering a motion for summary judgment the court should take that view of the evidence most favorable to the party against whom the motion is directed, giving to that party the benefit of all favorable inferences which may reasonably be drawn from the evidence. Juergens v. Redding, 198 Neb. 289, 252 N. W. 2d 291.

Plaintiff also contends that the provisions of the Nebraska Motor Vehicle Industry Licensing Act, sections 60-1401.01, et seq., R. R. S. 1943, govern the termination of the 1971 agreement. Without deciding whether that agreement is within the ambit of the act, it is only necessary to note that the act provides its own procedures and penalties. No express right to a civil cause of action for failure to comply with the act is included, nor is any measure of damages established for failure to comply. When a statute creates a new right and provides the remedy for its violation, the mode prescribed by the statute must ordinarily be followed to secure the benefits of the statute. See Simpson v. City of Grand Island, 166 Neb. 393, 89 N. W. 2d 117. If plaintiff desires to invoke the protections and benefits of the act its

remedy is under the procedures provided by the act and not in this action for breach of contract.

On the basis of the record here substantial material facts are in dispute. The record fails to establish defendants' right to judgment as a matter of law and material facts and inferences are not subject to determination on a motion for summary judgment. The judgment is reversed and the cause remanded to the District Court for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.