DAVIS MANAGEMENT, INC., A CORPORATION, AND
SANITARY AND IMPROVEMENT DISTRICT NO. 171 OF
DOUGLAS COUNTY, NEBRASKA, APPELLEES, V.
SANITARY AND IMPROVEMENT DISTRICT NO. 276 OF
DOUGLAS COUNTY, NEBRASKA, APPELLANT, IMPLEADED
WITH NATIONAL TRAVELERS LIFE COMPANY, INC.,
A CORPORATION, AND HOMESTEADERS LIFE COMPANY,
A CORPORATION, ET AL., APPELLEES.

282 N. W. 2d 576

Filed August 14, 1979. No. 42199.

Warren S. Zweiback of Zweiback, Brady, Kasher, Festersen & Pavel, P.C., for appellant.

Bren L. Buckley of Cline, Williams, Wright, Johnson & Oldfather, for amicus curiae, The Nebraska Securities Industry Association.

August Ross of Ross & Mason, for appellees Davis Management, Inc., National Travelers Life Company, Inc., and Homesteaders Life Company. Ralph W. Hetzner of Bradford & Coenen, for appellee SID No. 171.

Heard before KRIVOSHA, C. J., CLINTON, and WHITE, JJ., and STANLEY and GITNICK, District Judges.

KRIVOSHA, C. J.

This is an appeal from a decree of the District Court for Douglas County, Nebraska, sustaining the motion for summary judgment filed by the appellees, Davis Management, Inc., a corporation (Davis), National Travelers Life Company, Inc., a corporation, and Homesteaders Life Company, a corporation, against Sanitary and Improvement District No. 276 of Douglas County, Nebraska (SID 276).

Both of the plaintiffs own some part of Lot 325, Parkside Addition, Douglas County, Nebraska (SID 276 Property), although neither owned any part of SID 276 Property at the time SID 276 was created.

By its motion for summary judgment, the plaintiffs requested the trial court to find and determine that SID 276 was without any authority to exercise the jurisdiction of a sanitary and improvement district over real estate described as Lot 325, Parkside Addition, Douglas County, Nebraska, and that SID 276 was void ab initio. The crux of the plaintiffs' claim is set out in the amended petition filed by Davis wherein it is alleged that SID 276 is contained entirely within the boundaries of Sanitary and Improvement District No. 171 (SID 171), a much larger SID, thereby making SID 276 void ab initio. Davis' theory is that two SIDs cannot occupy the same territory at the same time. Davis' amended petition further alleged that SID 171 had constructed all public improvements and SID 276 had made none. That fact was denied by the answer of SID 276.

The pleadings further disclose that on April 25, 1974, the District Court for Douglas County, Nebraska, entered its decree finding that SID 276 was duly organized according to law and was declared to be a public corporation under sections 31-727 to 31-769, R. R. S. 1943. No appeal was taken from that decree and it was and remains a final and binding order.

The trial court sustained the plaintiffs' motion for summary judgment and in so doing made certain findings of fact, including a finding that at the time of the purported creation of SID 276 all public street improvements adjoining the SID 276 Property had been made by SID 171 and special assessments for the improvements had been duly levied against the property. The court also found in its decree that all of the expenditures made by SID 276 consisted of paving, utilities, and electrical distribution systems, all situated on private property of the developers. The court further found that SID 276 was totally included within the territory of SID 171 and that "two distinct Sanitary and Improvement Districts cannot, within the same territory, co-exist; that the pur-

ported creation of Sanitary and Improvement District No. 276 was void ab initio and all powers, jurisdiction and privileges sought to be exercised by said Sanitary and Improvement District No. 276 are null and void.'' The court in effect dissolved SID 276.

SID 276 assigns as errors: (1) That the trial court erred in holding SID 276 to be void ab initio merely because its geographic boundaries fall within the boundaries of another sanitary and improvement district; and (2) that the trial court erred in granting a motion for summary judgment in that there existed genuine issues of fact. We have reviewed the record in this case and believe the trial court was indeed in error in granting the motion for summary judgment. We therefore reverse the judgment of the trial court and remand the cause.

Before a motion for summary judgment can be granted, two requirements must be met: (1) There must be no genuine issue as to any material fact; and (2) the moving party must be entitled to judgment as a matter of law. Clemens Mobile Homes, Inc. v. Guerdon Industries, Inc., 199 Neb. 555, 260 N. W. 2d 310 (1977). Therefore, in order for the judgment of the trial court in this case to be correct, we must find: (1) That there were no genuine issues as to any material facts; and (2) that Davis and the other appellees were entitled to judgment as a matter of law.

An examination of the affidavits, counteraffidavits, interrogatories, answers to interrogatories, several exhibits, and a stipulation made at trial to the effect that the improvements were not made on dedicated streets, but rather on public streets or easements, does little to resolve the several questions of fact raised by the pleadings. The record does not even clearly set out what the improvements were, although a resolution offered in evidence describes the various improvements as public improvements. We have no way of determining that fact. Other than

the unsupported statement of counsel for Davis made at the time of argument to the trial court to the effect that the improvements consisted of a private parking lot and interior utility connections, we find no evidence on this issue. We do not question the integrity of counsel. We merely point out that before one can sustain a motion for summary judgment all genuine questions of all material facts necessary for the determination must be resolved. The questions concerning the nature and type of improvements were not so resolved.

It would appear that the motion for summary judgment could only be sustained in this case if, as a matter of law, the creation of one SID within the boundaries of another SID automatically rendered the second SID void ab initio as contended for by plaintiffs. We do not believe that to be the law. Sanitary and improvement districts are purely creatures of statute and were first created in 1947. See §§ 31-701 to 31-726, R. R. S. 1943. In 1949, the Legislature enacted sections 31-727 to 31-762 entitled "DISTRICTS FORMED UNDER ACT OF 1949." For a review of Nebraska sanitary and improvement district legislation, see 5 Creighton L. Rev. 269, Nebraska Sanitary and Improvement District Legislation.

In support of their position, appellees cite 2 McQuillan, Municipal Corporations (3d Ed.); § 7.08, p. 298, and our decision in City of Bellevue v. Eastern Sarpy County S. F. P. Dist., 180 Neb. 340, 143 N. W. 2d 62 (1966). The citation in McQuillan, however, makes it clear that before two municipal corporations occupying the same boundaries are incompatible, it must be established that the powers and privileges conferred on the separate governmental agencies are substantially coextensive in scope and objective. The author further points out that, in the absence of constitutional restrictions, the Legislature may authorize the formation of two municipal corporations in the same territory at the same time

for different purposes, and municipal corporations organized for different purposes may include the same territory. The identity of the territorial limits of separate public corporations is immaterial if such entities have separate and distinct governmental purposes.

In order for us to determine if the purposes of each of the SIDs are so identical as to be incompatible, we need to examine the articles of association of the two SIDs. The articles of association for SID 276 are in evidence. The articles of association for SID 171 are not. The fact that SID 171 maintains it is performing all the powers and duties authorized to it by statute does not answer the question.

Section 31-727, R. R. S. 1943, sets out the purposes for which an SID may be created. However, in order to exercise that authority the articles of association must set out in detail the purposes of the SID. An SID may be created for some or all of the purposes set out in section 31-727, R. R. S. 1943. This fact is made abundantly clear by the provision of section 31-727 (3), R. R. S. 1943, which reads in part: "* * * No corporation formed or hereafter formed shall perform any new functions, other than those for which the corporation was formed, without amending its articles of association to include the new function or functions." One SID here may be for one purpose and the other for something else.

If, in fact, SID 171 was created and authorized to perform the functions performed by SID 276, evidence to that effect must be offered and cannot be left to conjecture. Even that fact, however, might not justify dissolving SID 276 ab initio. In any event, the mere coexistence of the two SIDs is not sufficient to justify the trial court's order in this case.

City of Bellevue v. Eastern Sarpy County S. F. P. Dist., *supra,* is likewise of little aid or assistance in support of the claim that two SIDs may not coextensively exist for different purposes. The City of Belle-

vue case was brought pursuant to the provisions of section 31-766, R. R. S. 1943, which specifically provided that a municipality had the right to annex a portion of a district and when doing so adjustments are to be made with regard to the ownership of assets and the payment of liabilities. The decision certainly did not establish that two SIDs may not occupy the same territory.

It appears to us the act further contemplates that there may be occasions where the creation of an SID may be coextensive with all or part of another district. Section 31-728, R. R. S. 1943, specifically requires that immediately after the petition and articles of association have been filed, the clerk of the District Court shall issue a summons directed to the several owners of the real estate in the proposed district. Those individuals then have a right under section 31-729, R. R. S. 1943, to object to the creation of the district, in part, on the basis that their land will not be benefited by the installation of the various improvements. The District Court is then permitted to create such a district but exclude certain property which the court finds will not be benefited thereby. The act specifically provides: "No lands included within any municipal corporation shall be included in any sanitary and improvement district * * *." See § 31-730, R. R. S. 1943. If, in fact, it were true that at common law two municipalities could not coexist, then it would appear there was little need to specifically exempt land within a municipal corporation from being included within a sanitary and improvement district.

The statutes authorizing the creation of SIDs contemplate that before an SID may come into being a petition must be filed with the District Court of the county in which the principal part of the land will lie, and a decree must be entered by that court finding and determining that the SID was indeed lawfully and validly created. See § 31-727 et seq., R. R. S.

1943. The evidence in this case discloses that, in fact, SID 276 did file such an application in the District Court for Douglas County, Nebraska. On April 25, 1974, SID 276 was declared by the District Court for Douglas County, Nebraska, to be duly organized according to law and was·in that decree declared to be a public corporation of the State of Nebraska under sections 31-727 to 31-769, R. R. S. 1943, as amended. We have difficulty understanding how the District Court for Douglas County, Nebraska, can at one moment enter a decree which becomes final and binding directing that a sanitary and improvement district has been duly organized and created and thereafter enter a subsequent decree which in effect collaterally attacks its own judgment and declares its own act void ab initio.

The decree of the District Court for Douglas County, Nebraska, entered on April 25, 1974, was a final judgment. It could not be set aside except as specifically authorized by statute. A judgment which is not void may only be set aside after the term at which it was entered as authorized in section 25-2001, R. R. S. 1943. Gant v. City of Lincoln, 193 Neb. 108, 225 N. W. 2d 549 (1975). Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. State ex rel. Southeast Rural Fire P. Dist. v. Grossman, 188 Neb. 424, 197 N. W. 2d 398 (1972). A District Court has no power to vacate or modify its judgment after term on the ground that an error of law had been committed by it in rendering such judgment. Paine v. United States Nat. Bank of Omaha, 199 Neb. 248, 257 N. W. 2d 826 (1977). Not even a statute which is declared unconstitutional is void ab initio insofar as a previous judgment based upon the statute is concerned. In Norlanco, Inc. v. County of Madison, 186 Neb. 100, 181 N. W. 2d 119 (1970), we said: " 'The general rule is said to be that a statute declared unconstitutional is void ab initio. However,

this is subject to the exception that the finality of a judgment cannot be affected thereby.' " A question of fact once litigated on its merits is settled as to the litigants and may not be relitigated directly or collaterally by the litigants or their privies. Calkins v. Witt, 183 Neb. 178, 159 N. W. 2d 199 (1968). Clearly, the plaintiffs herein are in privity with the parties to the District Court's order of April 25, 1974. How can they now attack the existence of SID 276? Certainly, if grounds do in fact exist to disregard the previous judgment, they have not been established by the motion for summary judgment. The judgment of the trial court must be reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

CLINTON, J., concurring.

I concur in the opinion of the court except that part contained in the last paragraph which discusses and determines that the previous judgment of the court rendered under sections 31-727 to 31-769, R. R. S. 1943, as amended, is res judicata and determinative of this case. That paragraph of the opinion raises an issue not raised by the parties nor discussed in the briefs, is totally unnecessary to the decisions in this case, and purports to decide an issue not even raised by the pleadings. Res judicata is a defensive matter which ought to be raised by pleadings as well as by proof.