CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE, V. W.R. LESOING, APPELLANT.
381 N.W.2d 130

Filed February 7, 1986.   No. 85-072.

Gordon Peterson of Bailey, Polsky, Cada, Todd & Cope, for appellant.

James D. Faimon, Assistant City Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellee, City of Lincoln, filed a petition in the former municipal court of the City of Lincoln alleging that the appellant, W.R. Lesoing, was liable to the city for the costs of backfilling and replacing paving and asphalt after the excavation by Lesoing of a public street in the City of Lincoln. Lesoing, by amended answer, admitted that he had obtained a permit to make an excavation in the public street of the City of Lincoln and that the excavation had been backfilled and the paving and asphalt replaced by the city. As a defense, however, Lesoing alleged, in effect, that the City of Lincoln did not have authority to adopt an ordinance authorizing the collection of such fees. He further alleged that the ordinance, if authorized, was either unconstitutionally vague or an unlawful delegation of legislative authority in that no method for calculating the costs was set out in the ordinance. He concluded by alleging that even if the ordinance was valid, the City of Lincoln failed to follow the ordinance in that the permit issued by the city did not set out the cost of the work, as allegedly required by the ordinance.

Following trial, the municipal court entered judgment for the city and against Lesoing for the full amount sought by the city. Lesoing appealed to the district court for Lancaster County, Nebraska, where the judgment of the municipal court was affirmed. It is from that order which he now appeals to this court, assigning as error the following: (1) The district court erred in finding that the City of Lincoln has authority to enact Lincoln Mun. Code § 14.70.040 (1982) and to assess backfill

and repaving costs against the defendant; (2) The district court erred in finding § 14.70.040 was a constitutional delegation of legislative authority; (3) The district court erred in finding § 14.70.040 was not unconstitutionally vague; and (4) The district court erred in finding that § 14.70.040 does not require the exact amount of the costs be set out in the permit. We have reviewed each of the assignments and believe that the judgment of the district court must be affirmed.

The record discloses that in late 1982 Harold G. Wright Company, a contractor from Blair, Nebraska, received the general contract from the University of Nebraska for construction of the new Wick Alumni Center to be located at 1520 R Street in Lincoln, Nebraska. Lesoing received the plumbing subcontract, which called for connecting the water and sewer lines from R Street to the alumni center on the University of Nebraska campus. This connection required that part of R Street be excavated to reach the water and sewer pipes. Lincoln Mun. Code § 14.70.010 (1982) requires that before any person other than a duly authorized employee or contractor of the City of Lincoln may make any opening, cut, trench, or excavation in or under the surface of any street, such person must first obtain a written permit to do so from the codes administration division of the City of Lincoln. Section 14.70.040 then provides in part:

> The opening and backfill of all cuts, trenches, and excavations shall be done in accordance with the city's standard specifications. The permittee shall notify the department of public works, maintenance division, when the excavation is ready for backfill. All backfill in any cuts, trenches, or excavation beneath any paved or unpaved roadway or beneath any sidewalk shall be placed by the department of public works. The costs and expenses incident thereto shall be collected from the permittee in the manner provided for in the permit.

At the outset we note that while at trial Lesoing raised the issue as to whether the costs charged were reasonable, he has not preserved that question on appeal, and it is thus not before us now. Therefore, we assume, for the purposes of our decision, that there is no issue as to the reasonableness of the charges

made by the City of Lincoln.

Lesoing obtained the necessary permits from the City of Lincoln and made two cuts in R Street. At an appropriate time the cuts were backfilled and repaved by the city, which then billed Lesoing $1,802.07. Lesoing refused to pay, and suit followed.

We turn first to Lesoing's contention that the City of Lincoln has no statutory authority to assess backfill and repaving costs against him. His argument apparently is premised upon the notion that these charges are in reality a "special assessment" and must therefore be assessed against the property benefited. See *Midwest Development Corp. v. City of Norfolk*, 192 Neb. 475, 222 N.W.2d 566 (1974). That simply is not the case. The work that was done at the request of Lesoing was not to confer any special benefit upon the abutting property other or different than that enjoyed by the community generally but, rather, was at the specific request of Lesoing in order to permit him to fulfill his plumbing contract with the University of Nebraska. The backfilling and paving were simply to replace the excavation required by Lesoing in order to permit him to carry out his work under his contract. The instant charge is intended to reimburse the city for costs incurred by it in doing work for and at the request of Lesoing, which the city has no obligation to assume, and is not in any way a tax or assessment requiring specific statutory authorization. The city's authority to control who makes excavations of the streets and who repairs them is clearly authorized by both Neb. Rev. Stat. § 15-255 (Reissue 1983) and by the Lincoln City Charter, art. II, § 2(40) (1985), both of which provide in part that a primary city may "regulate . . . any excavation or obstruction [of] the streets." This general authority to regulate the excavation of the streets was sufficient authority.

In *Jacobs v. City of Omaha*, 181 Neb. 101, 147 N.W.2d 160 (1966), a similar question was raised. There, the statutory language gave the city of Omaha the power to regulate " 'the nature, kind, and manner of constructing streets.' " *Id.* at 104, 147 N.W.2d at 163. This court held that the statute implicitly gave the city the power to regulate changes in streets, including the making of curb cuts or the installation of driveway

approaches and that an ordinance requiring individuals wishing to make a curb cut or to install a driveway approach to acquire a permit and pay a fee was valid and authorized by the statute. Where, as here, the statutes applicable to cities of the primary class, of which Lincoln is one, give the city the power to regulate excavations, it must therefore follow that the city has implicit authority to require contractors to obtain a permit before excavating in a street and to further require the contractor to reimburse the city for the costs of refilling and repaving the excavation once the contractor has finished his work in the street. As noted in 13 E. McQuillin, The Law of Municipal Corporations § 37.57 at 153 (3d ed. 1971):

> Usually when a municipal corporation has power to make or provide for the making of improvements, it has power to make arrangements to meet the expense thereof. . . . [I]n the absence of express direction [by statute] the method to be adopted is within the discretion of the proper municipal authorities.

It seems clear that the City of Lincoln, having the power to backfill and repave excavations for which it has granted permits, is also justified in collecting from the contractor who ordered the work done the costs expended for backfilling and repaving.

Lesoing next contends that § 14.70.040 is an unlawful delegation of legislative authority by the Lincoln City Council. This argument is premised upon the contention that by providing that the costs and expenses incident thereto shall be collected from the permittee in the manner provided in the permit, there is some unlawful delegation of authority from the council to the department of public works. Lesoing argues that nowhere in the ordinance does the Lincoln City Council set out the standards, guidelines, or criteria to be used by the administrative or executive agency in calculating the "costs and expenses." We believe that the words "costs and expenses" are words of common understanding and clearly provide that the executive or administrative branch of the city government is to collect the costs and expenses incurred in performing the work. If the permittee believes he has been improperly charged, he can dispute the amount charged. We cannot perceive any further

guideline that can be required where the ordinance so directly requires the city to collect the "costs and expenses" incident to the work. It seems very clear that the administrative officers are given little, if any, discretion. A legislative body is permitted to delegate to an administrative officer the power to collect a fee, as long as the fee is clearly limited as to the amount and purpose. See *Banks v. Board of Education of Chase County*, 202 Neb. 717, 277 N.W.2d 76 (1979). For this reason this assignment must be rejected.

Lesoing's third assignment of error is that § 14.70.040 is unconstitutionally vague. We are unable to perceive how one can contend that the ordinance is vague. It provides in clear and precise language what is to be done by both the city and the permittee. It is clear beyond question that § 14.70.040 means what it says: Permittees must reimburse the City of Lincoln for backfilling and repaving. Lesoing's belief that he has been overcharged, an issue which we have noted he does not bring before us, does not make the ordinance void for vagueness. See, *CSC v. Letter Carriers*, 413 U.S. 548, 93 S. Ct. 2880, 37 L. Ed. 2d 796 (1973); *State ex rel. Douglas v. Herrington*, 206 Neb. 516, 294 N.W.2d 330 (1980). The ordinance simply is not vague.

That leaves us with Lesoing's last assignment, to the effect that the city failed to comply with § 14.70.040. This argument is based upon his contention that the permit, when issued, must set out the amount of the costs to be reimbursed. The specific language in that section upon which Lesoing relies is as follows: "The costs and expenses incident thereto shall be collected from the permittee in the *manner provided for in the permit.*" (Emphasis supplied.) We see nothing in the ordinance which requires that the permit set out the *amount* of the costs and expenses, but only the "*manner*" in which they shall be collected. The "manner" implies the way in which they shall be collected. The permit recites that the permittee "agrees to pay all costs of repairing said sidewalk or paving as determined by the Engineering Department of the City of Lincoln . . . ." We believe that that sets out the manner in which the costs and expenses are to be paid, to wit, as determined by the engineering department of the City of Lincoln. Obviously, the city cannot determine the costs before the work has been done; therefore,

to insist that a permit cannot be issued unless the city commits itself in the permit to the costs is to ignore the purpose of the ordinance. The purpose is to reimburse the city for its costs, a matter which cannot be determined until after the work has been completed.

We believe that the decision of the district court affirming the judgment of the municipal court was in all respects correct, and the judgment is affirmed.

AFFIRMED.