NORLANCO, INC., A NEBRASKA CORPORATION, ET AL., APPELLANTS, v. COUNTY OF MADISON, NEBRASKA, ET AL., APPELLEES.

181 N. W. 2d 119

Filed November 13, 1970. No. 37541.

Hutton, Hutton & Garden, for appellants.

Jewell, Otte & Pollock, Milton D. Ellwood, Robert E. Otte, and Thomas E. Brogan, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

Plaintiffs brought this action in the district court for Madison County praying for an injunction enjoining the defendants from assessing and levying municipal taxes on personalty and real estate allegedly annexed to the city of Norfolk and enjoining the collection of taxes already levied on the property of the plaintiffs on and after May 1, 1967. The trial court found that the annexation of plaintiffs' lands was valid and the taxes assessed and levied on plaintiffs' property were valid and enforceible, and dismissed the action. The plaintiffs have appealed.

On July 6, 1959, the city of Norfolk passed an ordinance annexing the property of the plaintiffs to the city

which was duly published on July 10, 1959, in a local newspaper as provided by law. On July 20, 1960, the city filed an action in the district court praying for the annexation of the property to the city of Norfolk. On February 1, 1963, the case was tried and taken under advisement by the court. On July 17, 1963, the decree of the court was filed by which the property was decreed to be annexed to the city.

On April 28, 1967, the petition in the instant case was filed. It is alleged therein that the ordinance enacted by the city of Norfolk and the decree of July 17, 1963, are null and void for the reason that the statute purporting to authorize the ordinance and decree are unconstitutional and void.

In the annexation proceeding, the statute then in effect provided that the city council may by ordinance include therein all the property contiguous or adjacent containing not more than 5 acres which has been subdivided into parcels on authority of the owners and any tract in excess of 5 acres which is entirely surrounded by land already embraced within the corporate limits of the city and such council shall have power by ordinance to compel the laying out of streets and alleys. When the city desires to annex any territory it is entitled to annex, and shall have adopted an ordinance to that effect, it may thereupon present to the district court a petition praying for the annexation of such territory together with an accurate plat of the same as prescribed in the act. Upon a finding of the existence of the facts required by the statute, a decree shall be entered accordingly and a certified copy of the decree together with a plat of the territory shall be filed and recorded in the office of the county clerk or register of deeds and from the time of filing such decree and plat the territory therein described shall be included in and become a part of the city. § 16-106, Comp. St. 1929; Laws 1929, c. 44, p. 189.

In an early case that reached this court, it was contended that the presentation of the petition for annexa-

tion to the district court as the statute provided was an attempt to transfer the legislative powers of the city council to the district court. This contention was not sustained under the statute then in existence. City of Wahoo v. Dickinson, 23 Neb. 426, 36 N. W. 813. The plaintiffs rely primarily upon Williams v. County of Buffalo, 181 Neb. 233, 147 N. W. 2d 776, where the Wahoo case was discussed but not overruled.

In 1963, the Legislature amended the 1929 act, subsequently designated as sections 16-106, 16-107, 16-109, and 16-110, R. R. S. 1943, to provide in part that an annexation ordinance duly enacted effectuating the extension of the corporate limits of the city shall be presumed legal as to territory where no appeal is taken and that any legal owner of territory annexed could appeal from the annexation ordinance to the district court, and provided the procedure for so doing. If the court found for the petitioner, a decree was to be entered accordingly and a certified copy of the decree filed in the office of the clerk of the city affected thereby. Laws 1963, c. 59, p. 249.

In Williams v. County of Buffalo, *supra,* this court held Laws 1963, c. 59, p. 249, to be unconstitutional. The basic reason for the holding of unconstitutionality is set out in the following paragraph of that opinion: "In the instant case, the appeal in effect authorizes the district court to consider 'the grounds for sustaining the ordinance and why the territory should not be eliminated from such annexation ordinance.' The statute further provides that the appeal shall be tried as a suit in equity de novo. This imposes upon the court the duty of serving as a superior legislative body when it requires the city to carry the burden of proof of showing valid reasons for annexing the property to the city. The sum and substance of the statute are that the property will be annexed if the court thinks best. The question as to whether or not the annexing of the property is a question of public policy is not in any sense

a judicial question. In attempting to submit that question to the district court by an appeal from the passage of the ordinance, the Legislature has attempted to make it the means of transferring the legislative power to the district court. As the statute now stands, the court is required to determine what facts shall exist as a basis for the annexation of the property, a purely legislative function, and must be held invalid as an attempt to impose upon the courts the performance of nonjudicial duties, and an unauthorized delegation of legislative power. We hold that L.B. 338 is unconstitutional in that it is inhibited by Article II, section 1, of the Constitution of Nebraska."

It is the contention of the plaintiffs that the statute under consideration in the Williams case is so similar that a holding of unconstitutionality is required as to the statute applicable to the annexation case here involved. But the statutes are not the same, and the one here applicable has been held constitutional in the Wahoo case while the subsequent act was held constitutionally invalid in the Williams case. We find no need to distinguish Wahoo and Williams for the reason that the case before us can be determined on nonconstitutional grounds.

At the time the annexation proceeding was commenced in 1959, the territory to be annexed included the lands involved in the injunction proceeding presently before the court belonging to Norlanco, Inc. Wheeler Lumber Bridge and Supply Company is the owner of personal property located on the lands of Norlanco, Inc. Its liability for municipal taxes assessed and levied by the city of Norfolk is dependent on the validity of the annexation of the lands of Norlanco, Inc., on which its personal property here involved is kept. The plaintiffs voluntarily paid the taxes on the annexed land in 1963, 1964, and 1965. Subsequent taxes have not been paid and an injunction is sought to bar their collection and the assessment and levy of municipal taxes thereafter.

On July 20, 1960, the city of Norfolk filed its petition in the district court alleging the adoption and publication of the annexation ordinance and praying for a decree annexing the real estate to the city. Notice was served as the statute requires. Norlanco, Inc., was served with notice and it filed its answer praying that the petition be denied. Neither Norlanco, Inc., nor any other defendant in that case, objected to the jurisdiction of the court or asserted any claim of unconstitutionality of the act under which the proceeding was commenced.

In its answer to the petition of the plaintiffs for injunctive relief in the pending litigation, the city of Norfolk alleges that there is an existing final judgment of the district court, a court of competent jurisdiction, rendered on the merits, determining the same cause of action between the parties hereto and that plaintiffs for many years last past have enjoyed the benefits of the judgment and paid taxes and assessments thereunder and are estopped to challenge the constitutionality of the annexation ordinance or the jurisdiction of the court. No reply was filed and the case will be treated as if the reply was a general denial.

It is a fundamental rule of law that a statute is presumed to be constitutional and that its constitutionality will not be considered by the court if the issue may be disposed of on other grounds. In the instant case, it is established that the city of Norfolk filed a previous suit praying for the annexation of the same territory involved in the present action. The plaintiffs in this action were made parties defendant in the former action. They filed an answer but did not question the constitutionality of the act nor the jurisdiction of the court. The judgment of the district court in the former action is final as to every issue there decided and every other issue which could have been decided in the case. This rule of res judicata is grounded on public policy and necessity to end litigation and the hardship imposed on a person by being vexed twice for the same cause.

American Province Real Estate Corp. v. Metropolitan Utilities Dist., 178 Neb. 348, 133 N. W. 2d 466.

It is plain that plaintiff, Norlanco, Inc., could have raised the constitutionality of the act in its answer to the petition in the district court praying for a decree of annexation. It did not do so and in effect waived any claimed defense subsequently on that ground. In Metropolitan Utilities Dist. v. Merritt Beach Co., 179 Neb. 783, 140 N. W. 2d 626, this court said: "As to the time in which questions of constitutionality may be raised, it was said in Owen v. Mutual Benefit Health & Accident Assn., 171 Kan. 457, 233 P. 2d 706: 'A similar statement of the rule is found in 12 C. J. 785 and 11 Am. Jur. 772. Each of these general authorities cites a number of federal and state decisions. And in Yakus v. United States, 321 U. S. 414, 64 S. Ct. 660, 88 Law Ed. 834, the court had occasion to say (page 444): "No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' In Cotton v. Iowa Mut. Liability Ins. Co., 363 Mo. 400, 251 S. W. 2d 246, the court said: 'A constitutional question should be raised at the earliest practical opportunity.' (Citing authorities.) See, also, Wendlandt v. Industrial Commission, supra."

"The phase of the doctrine of res judicata precluding subsequent litigation of the same cause of action is much broader in its application than a determination of the questions involved in the prior action; the conclusiveness of the judgment in such case extends not only to matters actually determined, but also to other matters which could properly have been raised and determined therein. The rule applies to every question relevant to and falling within the purview of the original action, in respect to matters of both claim or grounds of recovery, and defense, which could have been presented by the exercise of diligence." 46 Am. Jur., Judgments, § 417,

p. 585. See, also, American Province Real Estate Corp. v. Metropolitan Utilities Dist., *supra.*

"This application of the general rule extends to questions necessarily involved in an issue, and necessarily adjudicated, or necessarily implied in the final judgment, although no specific finding may have been made in reference thereto, and although such matters were not directly referred to in the pleadings and were not actually or formally presented. Under this rule, if the record of the former trial shows that the judgment could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties, and if a judgment necessarily presupposes certain premises, they are as conclusive as the judgment itself. Reasons for the rule are that a judgment is an adjudication on all the matters which are essential to support it, and that every proposition assumed or decided by the court leading up to the final conclusion and upon which such conclusion is based is as effectually passed upon as the ultimate question which is finally solved." 46 Am. Jur. 2d, Judgments, § 422, p. 591.

The former judgment of the district court annexing the property was necessarily based on the constitutionality of the statute authorizing such annexation and was necessary to the judgment rendered. As such, it is subject to the rule of res judicata and may not be raised again in a second action between the same parties.

A statute is presumed to be constitutional and a judgment entered on an unconstitutional statute is not absolutely void but is voidable only. "But even though an unconstitutional statute furnished the only basis for the judgment of the court, the judgment did not constitute the subject of collateral attack." Beck v. State, 196 Wis. 242, 219 N. W. 197. See, also, 49 C. J. S., Judgments, § 416, p. 820. In the case of In re Application of Newkirk, 114 Fla. 552, 154 So. 323, it is said: "Where a chancery court's jurisdiction to hear and determine an

equity cause has been once duly acquired by it through proper filing of the suit and service of process upon the parties, the fact that the relief granted by a final decree in such suit is predicated upon an unconstitutional statute that the court necessarily had the right and power to decide was constitutional in order to grant the relief prayed for and awarded, does not make the resultant final decree void, nor is such decree rendered subject to collateral attack, merely because a court of superior appellate jurisdiction has, subsequent to the rendition of such final decree, declared unconstitutional the underlying statute upon which the final decree was awarded." See, also, Local 333B, United Marine Div. v. Commonwealth, 193 Va. 773, 71 S. E. 2d 159; City of Hickman v. First Nat. Bank, 307 Ky. 702, 211 S. W. 2d 801. "The general rule is said to be that a statute declared unconstitutional is void ab initio. However, this is subject to the exception that the finality of a judgment cannot be affected thereby. We are concerned here with a judgment from which no appeal was taken, rendered before the Act was declared unconstitutional —not the mere acts of de facto officers. A fortiori, such a judgment is a final adjudication of all issues which could have been adjudicated, and is as binding on the parties thereto as any other judgment." Martin v. Ben Davis Conservancy Dist., 238 Ind. 502, 153 N. E. 2d 125.

Assuming the unconstitutionality of section 16-106, Comp. St. 1929, Laws 1929, chapter 44, page 189, the defense of res judicata is established and defeats the contentions of the plaintiffs for the reasons herein stated. In view of the conclusion which we have reached, it is not necessary to consider other assignments of error asserted by the plaintiffs. The judgment of the trial court is correct and its judgment is affirmed.

AFFIRMED.