STATE OF NEBRASKA, APPELLANT, V.
MICHAEL W. LOYD, APPELLEE.
655 N.W.2d 703

Filed January 24, 2003.    No. S-02-305.

Paul D. Kratz, Omaha City Attorney, Martin J. Conboy III, Omaha City Prosecutor, and David F. Smalheiser for appellant.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The State takes exception under Neb. Rev. Stat. § 29-2319(3) (Reissue 1995) to the district court's order affirming the county court's granting of a motion to quash. The county court determined that the penalty provisions of the Omaha Mun. Code, ch. 36, art. III, § 36-115 (1998), were inconsistent with the penalty provisions of Neb. Rev. Stat. § 60-6,196 (Cum. Supp. 2000). We agree that the provisions are inconsistent and overrule the State's exception.

## BACKGROUND

The appellee, Michael W. Loyd, was charged in county court with second-offense driving under the influence (DUI) under § 36-115 of the Omaha Municipal Code. Loyd moved to quash the complaint because § 36-115 was inconsistent with § 60-6,196. A person convicted under § 36-115 of the code and placed on probation must serve 48 hours in county jail. A person convicted under § 60-6,196, however, must pay a $500 fine and either be confined for 5 days or perform at least 240 hours of community service. The county court determined that the ordinance was not in conformity with the statute and granted the motion to quash. The district court affirmed.

## ASSIGNMENT OF ERROR

The State assigns, rephrased, that the district court erred by affirming the county court's granting of the motion to quash.

## STANDARD OF REVIEW

The meaning of a statute is a question of law. *Vega v. Iowa Beef Processors*, 264 Neb. 282, 646 N.W.2d 643 (2002). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Eyl v. Ciba-Geigy Corp.*, 264 Neb. 582, 650 N.W.2d 744 (2002).

## ANALYSIS

The State contends that the city had the authority to enact an ordinance requiring a period of confinement different than the punishment enacted in § 60-6,196. The State argues that § 36-115 of the code is in conformance with § 60-6,196 because although the Legislature intended that the element of the crimes be the same, it did not require that the punishments be the same.

Under § 60-6,196, second-offense DUI is a Class W misdemeanor, which carries a maximum penalty of 90 days' imprisonment and a $500 fine and a mandatory minimum of 30 days' imprisonment and a $500 fine. Section 60-6,196(2)(b) further provides:

> If the court places such person on probation or suspends the sentence for any reason, the court shall, as one of the conditions of probation or sentence suspension, order such person not to drive any motor vehicle in the State of Nebraska for any purpose for a period of one year from the date of the order unless otherwise authorized by an order issued pursuant to section 60-6,211.05 and shall issue an order pursuant to section 60-6,197.01 with respect to all motor vehicles owned by such person, and such order of probation shall also include, as conditions, the payment of a five-hundred-dollar fine and either confinement in the city or county jail for five days or the imposition of not less than two hundred forty hours of community service.

Neb. Rev. Stat. § 60-6,197(8) (Cum. Supp. 2000) provides:

> Any city or village may enact ordinances in conformance with this section. Upon conviction of any person of a violation of such city or village ordinance, the provisions of this section with respect to the operator's license of such person shall be applicable the same as though it were a violation of this section.

In addition, Neb. Rev. Stat. § 14-102.01 (Reissue 1997) authorizes cities to enact ordinances for a variety of purposes that are not inconsistent with the general laws.

Under § 36-115 of the Omaha Municipal Code, a person convicted of second-offense DUI must be sentenced to 30 to 90 days in jail and pay a $500 fine. Section 36-115(b) further provides:

> If the court places such person on probation or suspends the sentence for any reason, the court shall, as one of the conditions of probation or sentence suspension, order such person not to drive any motor vehicle in the State of Nebraska for any purpose for a period of six months from the date of the order. One of the probation's conditions shall be confinement in the county jail for 48 hours.

The power of a municipality to enact and enforce any ordinance must be authorized by state statute. *Jacobson v. Solid Waste Agency of Northwest Neb.*, 264 Neb. 961, 653 N.W.2d 482 (2002). Thus, a city may not pass legislation which conflicts, or is inconsistent, with state law. *State v. Salisbury*, 7 Neb. App. 86, 579 N.W.2d 570 (1998). An ordinance may not permit or license that which a statute forbids or prohibits, and vice versa. *Id.* Where there is a direct conflict between an ordinance and a state statute, the statute is superior law. *Jacobson, supra.* A city ordinance is inconsistent with a statute if it is contradictory in the sense that the two legislative provisions cannot coexist. *Arrow Club, Inc. v. Nebraska Liquor Control Commission*, 177 Neb. 686, 131 N.W.2d 134 (1964). When an ordinance is inconsistent with statutory law, it is unenforceable. See, *id.*; *State v. Kubik*, 159 Neb. 509, 67 N.W.2d 755 (1954).

Here, § 36-115 of the code is inconsistent with § 60-6,196 because it requires a different punishment for a defendant charged with second-offense DUI who is placed on probation. Under § 60-6,196, a defendant placed on probation must pay a $500 fine and either be confined for 5 days or serve 240 hours of community service. The defendant must also be ordered not to drive for a period of 1 year. Section 36-115 does not mandate a fine for a defendant placed on probation, but does require 48 hours of confinement. It also requires that the defendant be ordered not to drive for a period of only 6 months. Thus, each provision mandates a different sentence. When two provisions

require the trial court to impose different sentences, the provisions cannot coexist and the ordinance is unenforceable.

The State argues that the Legislature intended that the term "conformance" in § 60-6,196(7) applies only to the elements of the crime. But § 60-6,196(7) plainly refers to "this section" which encompasses all of § 60-6,196. It does not contain the limitation suggested by the State and does not give municipalities the power to enact ordinances with penalties that differ from the statute.

The State also argues that the ordinance is enforceable because it is less punitive than the statute. The question, however, is not whether one provision is more punitive than the other. Instead, we look only to whether the provisions are inconsistent. Further, whether one provision is more punitive than the other would vary based on the subjective view of any given defendant. Some people could find the prospect of any amount of jail time so distasteful that any punishment that did not include it would be less punitive. Others might view 48 hours in jail as less punitive than 240 hours of community service.

We determine that the provisions of § 60-6,196 of the Nebraska Revised Statutes and § 36-115 of the Omaha Municipal Code, as they apply to charges of second-offense DUI, are inconsistent and cannot coexist. Thus, § 36-115 of the Omaha Municipal Code is unenforceable.

EXCEPTION OVERRULED.