STATE OF NEBRASKA, APPELLANT, V.
WILLOW T. HEAD, APPELLEE.

712 N.W.2d 822

Filed April 18, 2006.    No. A-05-745.

Stuart J. Dornan, Douglas County Attorney, and James M. Masteller for appellant.

James E. Schaefer and Jill A. Daley, of Gallup & Schaefer, for appellee.

INBODY, Chief Judge, and IRWIN and CASSEL, Judges.

INBODY, Chief Judge.

## INTRODUCTION

Willow T. Head was charged in Douglas County District Court with driving under the influence (DUI), fourth offense. Head filed a motion to quash her previous convictions for DUI, which motion was granted by the district court. We granted the State's application to docket error proceedings, which application alleged that the Douglas County District Court erred in granting Head's motion to quash because the district court erred (1) in concluding that Head's April 29, 2002, Douglas County Court first-offense DUI conviction in violation of Omaha Mun. Code, ch. 36, art. III, § 36-115 (2001), did not constitute a " 'prior conviction' " as defined in Neb. Rev. Stat. § 60-6,197.02 (Reissue 2004) and (2) in concluding that the doctrine of collateral estoppel or issue preclusion applied to prevent the court from finding that Head's December 6, 1993, Lancaster County Court DUI conviction in

violation of Lincoln Mun. Code § 10.16.030 (1992) constituted a " 'prior conviction' " as defined in § 60-6,197.02.

## STATEMENT OF FACTS

On November 18, 2004, an information was filed in the Douglas County District Court charging Head with DUI, in violation of Neb. Rev. Stat. § 60-6,196(2) (Reissue 2004). The State alleged that the charged offense was a fourth offense, based upon Head's prior convictions for DUI (1) in Lancaster County Court on December 6, 1993, (2) in Douglas County Court on April 29, 2002, and (3) in Douglas County Court on August 14, 2003. The information was amended by interlineation on March 2, 2005, to correct one of the dates of Head's alleged prior convictions.

On February 24, 2005, Head filed a motion to quash the information for the reasons that (1) "as a matter of law the prior convictions listed in the information are defective, unconstitutional and may not be utilized as prior convictions to enhance this felony prosecution," and (2) "the State can only utilize convictions for a city ordinance enacted in conformity with §60-6,196." Hearings on the motion to quash were held on March 2 and 10.

During the evidentiary hearings, the district court received seven exhibits into evidence. Exhibit 1 reflects that on April 29, 2002, in Douglas County Court, Head pled no contest to first-offense DUI, was found guilty of that offense, and was sentenced to probation, which she satisfactorily completed. Exhibit 1 is an eight-page exhibit consisting of certified copies of the complaint initially charging Head with second-offense DUI in violation of Omaha Municipal Code § 36-115, the Douglas County Court's journal entries and orders, an order of probation, a "Satisfaction of Judgement and Sentence," and an order setting aside Head's conviction. Defense counsel offered exhibit 5, which duplicates exhibit 1 but also contains certified copies of two pages of the county court's journal entry and order which are not contained in exhibit 1.

Exhibit 2 reflects that on August 14, 2003, in Douglas County Court, Head pled guilty to second-offense DUI in violation of Omaha Municipal Code § 36-115. Exhibit 2 is a six-page exhibit consisting of certified copies of a complaint, a journal entry and order, an order of probation, and a satisfaction of judgment

and sentence. Exhibit 3 reflects that on December 6, 1993, in Lancaster County Court, Head pled guilty to and was convicted of DUI in violation of Lincoln Municipal Code § 10.16.030. Exhibit 3 consists of a certified copy of the complaint, a case action summary, a prearraignment information, a waiver of rights, and an order of probation, which probation was revoked. Exhibit 4 is related to exhibit 3 and is a certified copy of the complete transcript of the proceedings that were held on December 6, 1993, March 11, 1994, and August 9, 1995, before the Lancaster County Court. Exhibits 6 and 7 are certified copies of court records relating to Head's February 17, 1995, DUI conviction in Johnson County, Iowa. This conviction is not at issue in this appeal.

On April 28, 2005, the district court sustained the motion to quash. Specifically, the district court held that Head's April 29, 2002, DUI conviction in Douglas County Court was not a valid prior conviction because the city ordinance upon which the conviction was based was not in conformity with the state statute as reflected by *State v. Loyd*, 265 Neb. 232, 655 N.W.2d 703 (2003). The district court further held that it was prevented by the doctrine of issue preclusion or collateral estoppel from determining whether Head's December 6, 1993, DUI conviction in Lancaster County Court was a valid prior conviction. The court went on to hold that Head's August 14, 2003, Douglas County Court conviction for second-offense DUI constituted a valid prior conviction. The court reserved ruling on the validity of an alleged fourth prior DUI conviction of Head on February 17, 1995, in the district court for Johnson County, Iowa.

The State filed an application to docket error proceedings alleging that the Douglas County District Court erred in granting Head's motion to quash, which application was granted by this court.

## ASSIGNMENTS OF ERROR

On appeal, the State contends that the district court erred (1) in concluding that Head's April 29, 2002, Douglas County Court first-offense DUI conviction in violation of Omaha Municipal Code § 36-115 did not constitute a " 'prior conviction' " as defined in § 60-6,197.02 and (2) in concluding that the doctrine of collateral estoppel or issue preclusion applied to prevent the

court from finding that Head's December 6, 1993, Lancaster County Court DUI conviction in violation of Lincoln Municipal Code § 10.16.030 constituted a " 'prior conviction' " as defined in § 60-6,197.02.

## STANDARD OF REVIEW

■ The appellate court has the duty to determine whether the lower court had the power, that is, the subject matter jurisdiction, to enter the judgment or other final order sought to be reviewed, and to vacate an order of the lower court entered without jurisdiction. *In re Estate of Tizzard, ante* p. 326, 708 N.W.2d 277 (2005). See *State v. Jacques,* 253 Neb. 247, 570 N.W.2d 331 (1997).

## ANALYSIS

The State contends that the district court erred in concluding that Head's April 29, 2002, DUI conviction in Douglas County Court in violation of Omaha Municipal Code § 36-115 was not a prior conviction under § 60-6,197.02 because the city ordinance upon which the conviction was based was not in conformity with the state statute as reflected by *State v. Loyd, supra.* The State also contends that the district court erred in concluding that the doctrine of collateral estoppel or issue preclusion applied to prevent the court from finding that Head's December 6, 1993, Lancaster County Court DUI conviction in violation of Lincoln Municipal Code § 10.16.030 constituted a prior conviction as defined in § 60-6,197.02.

Neb. Rev. Stat. § 29-1808 (Reissue 1995) provides: "A motion to quash may be made in all cases when there is a defect apparent upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged."

In *State v. Loyd,* 265 Neb. 232, 655 N.W.2d 703 (2003), the defendant was charged in county court with second-offense DUI under Omaha Municipal Code § 36-115. The defendant filed a motion to quash, alleging that § 36-115 was inconsistent with § 60-6,196. The county court determined that the ordinance was not in conformity with the statute and granted the defendant's motion to quash, and the district court affirmed. The State took exception to the district court's order.

In considering whether the district court erred by affirming the county court's grant of the defendant's motion to quash, the Nebraska Supreme Court stated:

> The power of a municipality to enact and enforce any ordinance must be authorized by state statute. . . . Thus, a city may not pass legislation which conflicts, or is inconsistent, with state law. . . . An ordinance may not permit or license that which a statute forbids or prohibits, and vice versa. . . . Where there is a direct conflict between an ordinance and a state statute, the statute is superior law. . . . A city ordinance is inconsistent with a statute if it is contradictory in the sense that the two legislative provisions cannot coexist. . . . When an ordinance is inconsistent with statutory law, it is unenforceable.

(Citations omitted.) *State v. Loyd*, 265 Neb. at 235, 655 N.W.2d at 705-06. The court held that a conviction under § 36-115 of the Omaha Municipal Code is inconsistent with § 60-6,196 because it requires a different punishment for a defendant charged with second-offense DUI who is placed on probation. Consequently, the Supreme Court ruled that since the provisions of § 60-6,196 and Omaha Municipal Code § 36-115, as they apply to charges of second-offense DUI, are inconsistent, they cannot coexist and § 36-115 of the Omaha Municipal Code was unenforceable. However, the Supreme Court did not consider the issue of whether the motion to quash should have been granted in the first place.

In *State v. Neiss*, 260 Neb. 691, 700, 619 N.W.2d 222, 229 (2000), the Nebraska Supreme Court noted that the DUI statute criminalizes the act of DUI and that "the fact of prior offenses is irrelevant to the guilt or innocence of the defendant and is only relevant to the defendant's sentence." Thus, it appears that until a defendant's guilt or innocence of the underlying DUI has been determined, the admissibility of prior DUI convictions for enhancement purposes is not yet ripe for determination by the court. Consequently, a motion to quash which raises the issue of the admissibility of a defendant's prior DUI convictions, for enhancement purposes, should not be filed until after a determination of the defendant's guilt on the underlying offense.

In the instant case, because Head's motion to quash did not present an issue ripe for determination by the district court,

the court should not have attempted to exercise its judicial power by issuing an advisory opinion concerning the admissibility of Head's prior DUI convictions as prior convictions for the purposes of enhancement when her guilt regarding the underlying DUI offense had not yet been determined. An order purporting to make such a determination is merely an advisory opinion by the court. " 'In the absence of an actual case or controversy requiring judicial resolution, it is not the function of the courts to render a judgment that is merely advisory.' " *Wilcox v. City of McCook*, 262 Neb. 696, 700, 634 N.W.2d 486, 489 (2001) (quoting *US Ecology v. State*, 258 Neb. 10, 601 N.W.2d 775 (1999)). The proper procedure for determining the admissibility of prior DUI convictions as prior convictions for the purposes of enhancement is to file a motion to quash on the enhancement issues after a determination of guilt on the underlying offense. See *State v. Hurbenca*, 266 Neb. 853, 669 N.W.2d 668 (2003) (after pleading guilty to attempted escape, defendant filed motion to quash amended information as it pertained to his habitual criminal status; district court overruled motion to quash and found defendant to be habitual criminal).

In the instant case, Head's motion to quash regarding the admissibility of her prior DUI convictions as prior convictions for the purposes of enhancement was both filed and decided prior to a determination of her guilt or innocence on the underlying DUI charge. Thus, the district court's April 28, 2005, ruling was merely an advisory opinion by the court.

## CONCLUSION

Because Head's motion to quash did not present an issue ripe for determination by the district court, the court should not have attempted to exercise its judicial power by issuing an advisory opinion concerning the admissibility of Head's prior DUI convictions as prior convictions for the purposes of enhancement when her guilt regarding the underlying DUI offense had not yet been determined. Consequently, the district court's April 28, 2005, ruling on Head's motion to quash is vacated, this appeal is dismissed, and the cause is remanded for further proceedings.

ORDER VACATED, APPEAL DISMISSED, AND CAUSE
REMANDED FOR FURTHER PROCEEDINGS.