STATE OF NEBRASKA, APPELLEE, V.
JOHN F. KEEN, APPELLANT.

718 N.W.2d 494

Filed July 28, 2006.   No. S-05-945.

James Walter Crampton for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ., and HANNON, Judge, Retired.

HANNON, Judge, Retired.

## NATURE OF CASE

In the county court for Sarpy County, John F. Keen pled guilty to having violated Neb. Rev. Stat. § 60-6,196 (Reissue 2004) and was convicted of second-offense driving while under the influence (DUI). The enhancement to second offense was based on a DUI conviction Keen received in 1998 under Omaha Mun. Code, ch. 36, art. III, § 36-115 (1995). In county court and on appeal to the district court, Keen unsuccessfully maintained that the 1998 conviction could not be used for enhancement purposes because it was not a "[p]rior conviction" as defined in Neb. Rev. Stat. § 60-6,197.02(1)(a) (Reissue 2004). He contended that under § 60-6,197.02(1)(a), the 1998 conviction was neither a conviction "[f]or a violation of section 60-6,196" nor a conviction "for a violation of a city or village ordinance enacted in conformance with section 60-6,196." To support his argument, Keen cited *State v. Loyd*, 265 Neb. 232, 655 N.W.2d 703 (2003), in which § 36-115 (1998) of the Omaha Municipal Code was declared unenforceable because it was inconsistent with § 60-6,196 (Cum. Supp. 2000). The State maintained and the district court found that Keen's position was an impermissible collateral attack on his 1998 conviction. We agree and affirm Keen's conviction and sentence.

## STANDARD OF REVIEW

■ The issue presented by this appeal is a question of law. On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *State v. Furrey*, 270 Neb. 965, 708 N.W.2d 654 (2006).

■ Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of judicial discretion. *State v. Wagner*, 271 Neb. 253, 710 N.W.2d 627 (2006).

## FACTS AND PROCEDURAL BACKGROUND

On October 13, 2004, Keen was arrested for DUI. On November 19, the State charged Keen with, among other charges, second-offense DUI and alleged that he had previously been convicted of DUI in 1998. On January 13, 2005, pursuant to a plea agreement, Keen pled guilty to the DUI charge.

After accepting Keen's plea and finding him guilty on the DUI charge, the county court held an enhancement hearing. As evidence of a prior conviction, the State offered exhibit 1, which consisted of copies of several documents related to Keen's 1998 conviction in Douglas County under § 36-115 (1995) of the Omaha Municipal Code, a DUI ordinance. Exhibit 1 showed that on July 21, 1998, Keen was represented by counsel when he pled no contest to the DUI charge and was convicted and sentenced for that offense. The court received exhibit 1 into evidence without objection and ordered a presentence investigation.

On March 18, 2005, Keen asked the county court to reconsider its finding of second-offense DUI because his 1998 conviction was not a valid "[p]rior conviction" for enhancement purposes, given that the Omaha ordinance under which he was convicted did not conform to the state DUI statute, as required by § 60-6,197.02(1)(a). Keen cited *Loyd* as authority for his position. On April 8, the county court reopened the case in order to reconsider the enhancement issue, and the parties were allowed to make an evidentiary record. The court acknowledged that exhibit 1 offered by the State had already been received into evidence. Keen introduced a copy of the Omaha ordinance under which he was convicted in 1998. The court again found that Keen's latest conviction was a second offense and proceeded to sentence him. Keen was ordered to serve 60 days in jail (with

credit for 1 day served) and to pay a fine of $500. The court also revoked his driver's license for 1 year.

Keen appealed from the conviction, enhancement, and sentence to the district court, alleging the county court had erred in finding that he had a valid prior conviction, in denying probation, and in imposing an excessive sentence. The district court found that Keen was attempting to collaterally attack his 1998 conviction, in violation of *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999). The district court determined that Keen's 1998 DUI conviction was valid for enhancement purposes and affirmed the conviction and sentence.

Keen appealed, and this court moved the appeal to its docket on its own motion, pursuant to its statutory authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

We summarize Keen's assignments of error as alleging the district court erred in finding (1) that Keen was attempting to collaterally attack the validity of his prior conviction, (2) that his 1998 DUI conviction under an Omaha city ordinance constituted a prior conviction for purposes of DUI sentence enhancement, and (3) that the sentence was not excessive.

## ANALYSIS

Keen claims he is not making a collateral attack on his 1998 DUI conviction under the Omaha city ordinance because he is not arguing that the 1998 conviction was invalid but that it could not be used to enhance his current DUI conviction under the state DUI statutes. State law provides for enhanced penalties when a DUI defendant has one or more prior convictions. See Neb. Rev. Stat. § 60-6,197.03 (Reissue 2004). A prior conviction, as defined in § 60-6,197.02(1)(a), includes "[a]ny conviction for a violation of a city or village ordinance enacted in conformance with section 60-6,196" which was received within the 12-year period immediately preceding the current offense.

Keen maintains that to use the 1998 conviction for enhancement purposes, the State must prove he was convicted under an ordinance which was enacted "in conformance with" the DUI statute. See § 60-6,197.02(1)(a). He bases his position on *State*

*v. Loyd*, 265 Neb. 232, 655 N.W.2d 703 (2003), in which this court held on a direct appeal by the State that § 36-115 (1998) of the Omaha Municipal Code was unenforceable because the penalty provisions therein were inconsistent with those in § 60-6,196 (Cum. Supp. 2000).

Keen received his 1998 conviction under a 1995 version of § 36-115, whereas in *Loyd*, this court reviewed a 1998 version of the same ordinance. The 1995 version of the ordinance was slightly different from the 1998 version and was somewhat inconsistent with the controlling version of § 60-6,196. Given our conclusion in this opinion, however, we need not decide whether that distinction is significant. For purposes of this opinion, we assume that the DUI ordinance under which Keen was convicted in 1998 would be unenforceable under *Loyd* and that if Keen had pled not guilty and raised the issue of the ordinance's invalidity when he was prosecuted in 1998, the ordinance would have been invalidated.

The State maintains that Keen is collaterally attacking his 1998 DUI conviction in the present case. When a judgment is attacked in a manner other than by a proceeding in the original action to have it vacated, reversed, or modified, or by a proceeding in equity to prevent its enforcement, the attack is a collateral attack. *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005). When the court has jurisdiction over the person and subject matter, a party to the proceeding will be bound by the judgment in the case when collaterally attacking it, even though the judgment was irregularly or erroneously entered. See, *Mayfield v. Hartmann*, 221 Neb. 122, 375 N.W.2d 146 (1985); *State ex rel. Ritthaler v. Knox*, 217 Neb. 766, 351 N.W.2d 77 (1984). Until such judgment is rendered void in a proper proceeding and set aside, it remains " ' " 'valid and binding for all purposes and cannot be collaterally attacked.' " ' " *Mayfield*, 221 Neb. at 124, 375 N.W.2d at 148.

In *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999), this court held that the validity of a prior DUI conviction used for sentencing enhancement could not be collaterally attacked. This court opined that "[a]t some point, judgments of conviction must become final and the State should not be required to 'rummage through frequently nonexistent or difficult to obtain . . .

transcripts or records' in order to defend them against collateral attack." *Id.* at 187, 595 N.W.2d at 926. *Louthan* overruled several cases which had held that a defendant could object to the validity of a judgment if he or she initiated a separate proceeding commenced for the express purpose of setting aside the judgment alleged to be invalid.

This court has recognized that a judgment is an adjudication of all the matters that are essential to support it, and every proposition assumed or decided by the court leading up to the final conclusion and on which such conclusion is based is as effectually passed upon as the ultimate question which is finally resolved. *Norlanco, Inc. v. County of Madison*, 186 Neb. 100, 181 N.W.2d 119 (1970). In *Norlanco, Inc.*, the city of Norfolk had passed an ordinance in 1959 annexing the plaintiff's property to the city. Following annexation proceedings in the district court, the plaintiffs' property was formally annexed in 1963. In 1967, the plaintiffs sought an injunction enjoining the county from assessing and levying municipal taxes on the plaintiffs' property annexed to the city. The plaintiffs contended that a statute similar to the one under which their property was annexed had been declared unconstitutional by this court in a 1967 case and that, thus, the Norfolk ordinance and the annexation decree were null and void as unconstitutional. This court declined to consider whether the relevant statute was unconstitutional, choosing instead to dispose of the case on res judicata grounds.

In *Norlanco, Inc.*, 186 Neb. at 105, 181 N.W.2d at 122, this court stated that the "rule of res judicata is grounded on public policy and necessity to end litigation and the hardship imposed on a person by being vexed twice for the same cause." The court noted that at the time of the annexation proceedings, the plaintiffs in *Norlanco, Inc.*, had questioned neither the jurisdiction of the court nor the constitutionality of the act under which the proceeding had been commenced and had in effect waived those claims. Quoting the U.S. Supreme Court, this court declared that " ' " " '[n]o procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' " . . .' " *Id.* at 106, 181 N.W.2d at 123, quoting

*Yakus v. United States*, 321 U.S. 414, 64 S. Ct. 660, 88 L. Ed. 834 (1944).

■ Similar reasoning was applied in *Davis Management, Inc. v. Sanitary & Improvement Dist. No. 276*, 204 Neb. 316, 282 N.W.2d 576 (1979). In that case, property owners sought to have a sanitary and improvement district declared void ab initio although they had not appealed the decree which established the district years earlier. This court opined that "[n]ot even a statute which is declared unconstitutional is void ab initio insofar as a previous judgment based upon the statute is concerned," *id.* at 323, 282 N.W.2d at 580, and found that the earlier decree was not subject to collateral attack because the court had jurisdiction of the parties and the subject matter.

In the present case, we deal not with an ordinance which was declared unconstitutional but one which might have been unenforceable on the basis of the statutory interpretation adopted in *State v. Loyd*, 265 Neb. 232, 655 N.W.2d 703 (2003). The principles and reasoning which support holdings that parties are generally not permitted to collaterally attack prior judgments, even when the prior judgment is based upon an unconstitutional statute, also support a holding that a defendant cannot collaterally attack a conviction by alleging that it is invalid because it was obtained pursuant to an ordinance which was later declared to be unenforceable as inconsistent with a statute.

■ Keen claims he is not questioning the validity of his 1998 DUI conviction but merely asserting that the conviction could not be used to enhance his current conviction given that the Omaha DUI ordinance was subsequently invalidated in *Loyd* for being inconsistent with the state DUI statute. He is in fact seeking to attack one of the determinations in the 1998 conviction, that is, that the 1995 ordinance was valid. Keen's argument ignores the breadth of the doctrine of res judicata, which this court recognized in *Norlanco, Inc. v. County of Madison*, 186 Neb. 100, 181 N.W.2d 119 (1970). The doctrine of res judicata, precluding subsequent litigation of the same cause of action,

"is much broader in its application than a determination of the questions involved in the prior action; the conclusiveness of the judgment in such case extends not only to matters actually determined, but also to other matters which

could properly have been raised and determined therein. The rule applies to every question relevant to and falling within the purview of the original action, in respect to matters of both claim or grounds of recovery, and defense, which could have been presented by the exercise of diligence."
*Id.* at 106, 181 N.W.2d at 123.

Inherent in Keen's 1998 conviction was a determination that the Omaha DUI ordinance to which he pled no contest and under which he was convicted was enforceable, and inherent in that determination was a finding that the city ordinance under which he was convicted was "in conformance with" the state statute. See § 60-6,197.02(1)(a). Thus, Keen could have and should have raised these issues in the 1998 prosecution.

Collateral attacks on previous proceedings are impermissible unless the attack is grounded upon the court's lack of jurisdiction over the parties or subject matter. *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005). Only a void judgment is subject to collateral attack. *Mayfield v. Hartmann*, 221 Neb. 122, 375 N.W.2d 146 (1985). Although Keen's 1998 DUI conviction may have been voidable and subject to reversal upon appeal, it was not void.

We conclude that Keen's 1998 DUI conviction was valid for the purpose of sentence enhancement and that Keen is attempting to collaterally attack that conviction. Therefore, we affirm the judgment of the district court on this issue.

Keen also assigns as error his sentence. He claims that his sentence was excessive and that he should have been sentenced to probation. His argument, however, is based upon the assumption that we would rule in his favor on the enhancement issue. His theory is that the county court should have imposed a sentence appropriate for a first-offense DUI conviction. Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of judicial discretion. *State v. Wagner*, 271 Neb. 253, 710 N.W.2d 627 (2006). Upon reviewing the record on appeal from the county court, the district court found that Keen's sentence was not excessive and that probation would not have been appropriate. We conclude that the district court did not err in affirming Keen's sentence, and thus, we affirm the judgment of the district court.

## CONCLUSION

The district court correctly determined that Keen was attempting to collaterally attack his 1998 DUI conviction in the enhancement proceedings concerning his current DUI conviction. The district court also correctly affirmed Keen's sentence. We affirm the judgment of the district court.

AFFIRMED.

WRIGHT, J., not participating.