276 Neb. 354
STATE OF NEBRASKA, APPELLANT,
v.
WILLOW T. HEAD, APPELLEE.
No. S-07-464.
Supreme Court of Nebraska.
Filed August 8, 2008.
Donald W. Kleine, Douglas County Attorney, and James M. Masteller for appellant.
James E. Schaefer and Jill A. Podraza for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

BACKGROUND
Willow T. Head pled guilty to, and was convicted of, driving under the influence of alcohol (DUI) in the district court for Douglas County. At the enhancement hearing, the State introduced evidence that Head had been convicted of DUI offenses on December 6, 1993; February 17, 1995; April 29, 2002; and August 14, 2003. The district court rejected Head's convictions from December 1993 and April 2002. Regarding the former conviction, the court found that principles of collateral estoppel prevented it from being used for sentence enhancement purposes. The court rejected the latter conviction based on its reading of State v. Loyd[1]
The State appealed to the Court of Appeals pursuant to Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2006). In a memorandum opinion filed January 3, 2008, the Court of Appeals reversed the district court's determination regarding Head's conviction from April 2002 and remanded the cause to the district court for resentencing in light of that offense. Head petitioned this court for further review. We granted Head's petition and, for reasons set forth below, reverse the Court of Appeals' decision.

ASSIGNMENTS OF ERROR
Head assigns, restated, that the Court of Appeals erred in (1) concluding that her April 2002 conviction should be used for sentence enhancement purposes and (2) remanding the cause for resentencing even if her April 2002 conviction is a valid conviction for sentence enhancement purposes.

STANDARD OF REVIEW
[1] When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.[2]

ANALYSIS
Applicability of Head's April 2002 DUI Conviction.
As a threshold matter, Head challenges the Court of Appeals' determination that the district court should have considered Head's DUI conviction from April 2002 at the enhancement hearing. This conviction was pursuant to Omaha Mun. Code § 36-115 (2001). Less than a year after Head was convicted of a violation of that ordinance, we struck down the ordinance because its penalty provision conflicted with Neb. Rev. Stat. § 60-6,196 (Cum. Supp. 2000).[3] This conflict with state law, we held in Loyd, rendered the Omaha ordinance "unenforceable."[4] In light of that determination, the district court foundand Head argues herethat Head's prior conviction under that ordinance is no longer valid for sentence enhancement purposes.
[2] We considered and rejected an identical argument in State v. Keens[5] Like Head, the defendant in Keen objected to the use of a prior conviction secured under § 36-115 (1995) on the grounds that the ordinance was no longer valid, a move which we characterized as a "collateral attack" on the validity of the prior conviction.[6] Such an attack was ineffective, however, because "a party to a proceeding will be bound by the judgment in the case when collaterally attacking it, even though the judgment was irregularly or erroneously entered."[7]
Head gives us no reason to part ways with Keen, and we reaffirm the decision today. Accordingly, like the defendant in Keen, Head should have "raised the issue of the ordinance's invalidity when [s]he was prosecuted" under it in April 2002.[8] By failing to do so, Head waived her right to challenge the use of that prior conviction when it was used to enhance her sentence for her latest DUI offense. Accordingly, the Court of Appeals did not err when it concluded that the district court should have considered Head's DUI conviction from April 29, 2002, for sentence enhancement purposes.
Propriety of Remand.
Our conclusion regarding the applicability of Head's DUI conviction from April 2002 does not automatically mean that Head can be resentenced on remand in light of that offense. As a general matter, the State cannot appeal an adverse ruling in a criminal case without specific statutory authority.[9] In this case, the State's appeal is predicated on § 29-2315.01. However, a neighboring statutory section provides that "[t]he judgment of the court in any action taken pursuant to section 29-2315.01 shall not be reversed nor in any manner affected when the defendant in the trial court has been placed legally in jeopardy . . . "[10]
This court has, at times, reached contradictory interpretations of the phrase "placed legally in jeopardy." In State v. Neiss,[11] we held that this phrase was no more stringent than the Double Jeopardy Clause in the federal Constitution. Because that clause is not offended if an appellate court remands a cause for resentencing,[12] the Court of Appeals' action would be valid if Neiss were the law.
[3] However, in State v. Vasquez,[13] decided 6 years later, we held that the "placed legally in jeopardy" language is more exacting than the Double Jeopardy Clause. Vasquez concluded that a defendant is placed legally in jeopardyand thus § 29-2316 precludes a remandwhen (1) the jury is impaneled and sworn; (2) a judge, hearing a case without a jury, begins to hear evidence as to the guilt of the defendant; or (3) the trial court accepts the defendant's guilty plea.[14] While this conclusion contradicted the central holding in Neiss, Vasquez did not mention or explicitly overrule that case.
We granted Head's petition specifically to resolve these contradictory interpretations of the "placed legally in jeopardy" language. While this case was pending, however, the same issue arose tangentially in another case on our docket, State v. Hense.[15] In Hense, a majority of this court upheld our decision in Vasquez based on the statutory language in § 29-2316, and expressly overruled Neiss. Thus, the legal principles established in Vasquez must guide our decision today.
The trial court accepted Head's guilty plea, thus placing her legally in jeopardy. Under Vasquez and Hense, this prevented the Court of Appeals from remanding the cause back to the trial court for resentencing, "even though the district court erred" by failing to consider Head's April 2002 DUI conviction for sentence enhancement purposes.[16]

CONCLUSION
We conclude that the Court of Appeals did not err when it held that Head's April 2002 DUI conviction should have been taken into account when enhancing Head's sentence for her latest DUI offense. However, our recent interpretation of § 29-2316 in Hense precludes a remand in this case despite the district court's error.
REVERSED.
GERRARD, J., concurring in part, and in part dissenting.
I agree with the majority's conclusion that pursuant to State v. Keen,[1] the Court of Appeals correctly reasoned that Head's 2002 conviction for DUI should have been used as a prior offense for purposes of sentencing enhancement. But I disagree with the conclusion that Head cannot be resentenced. For the reasons set forth more fully in my dissenting opinion in State v. Hense,[2] I believe the Court of Appeals was correct in remanding the cause to the district court and instructing the district court to resentence Head for fourth-offense DUI. I dissent from the majority's conclusion to the contrary, and would affirm the judgment of the Court of Appeals.
HEAVICAN, C.J., and STEPHAN, J., join in this concurrence and dissent.
NOTES
[1] State v. Loyd, 265 Neb. 232, 655 N.W.2d 703 (2003).
[2] State v. Welch, 275 Neb. 517, 747 N.W.2d 613 (2008).
[3] See Loyd, supra note 1.
[4] Id. at 236, 655 N.W.2d at 706.
[5] State v. Keen, 272 Neb. 123, 718 N.W.2d 494 (2006).
[6] Id. at 127, 718 N.W.2d at 498.
[7] Id. (emphasis supplied).
[8] See id.
[9] State v. Vasquez, 271 Neb. 906, 716 N.W.2d 443 (2006).
[10] Neb. Rev. Stat. § 29-2316 (Cum. Supp. 2006).
[11] State v. Neiss, 260 Neb. 691, 619 N.W.2d 222 (2000). See, also, State v. Wren, 234 Neb. 291, 450 N.W.2d 684 (1990); State v. Schall, 234 Neb. 101, 449 N.W.2d 225 (1989).
[12] See Monge v. California, 524 U.S. 721, 118 S. Ct. 2246, 141 L. Ed. 2d 615 (1998).
[13] Vasquez, supra note 9.
[14] See id.
[15] State v. Hense, ante p. 313, N.W.2d (2008).
[16] Vasquez, supra note 9, 271 Neb. at 915, 716 N.W.2d at 451.
[1] State v. Keen, 272 Neb. 123, 718 N.W.2d 494 (2006).
[2] State v. Hense, ante p. 313, N.W.2d (2008) (Gerrard, J., concurring in part, and in part dissenting; Heavican, C.J., and Stephan, J., join).