17 Neb. App. 532 (2009)
STATE OF NEBRASKA, APPELLEE,
v.
OSCAR L. FLORES, APPELLANT.
No. A-08-609.
Court of Appeals of Nebraska.
Filed April 21, 2009.
Dennis R. Keefe, Lancaster County Public Defender, and John C. Jorgensen for appellant.
Jon Bruning, Attorney General, and Nathan A. Liss for appellee.
INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Oscar L. Flores was convicted and sentenced for driving under a revoked license pursuant to Neb. Rev. Stat. § 60-6,197.06 (Cum. Supp. 2008). Flores principally contends that the revocation of his operator's license pursuant to a city-ordinance-based prior conviction falls outside of the scope of qualifying prior revocations identified in § 60-6,197.06. Because we conclude that the listed statutes incorporate convictions for violations of conforming city ordinances and because Flores' remaining assignments of error lack merit, we affirm.

BACKGROUND
On October 12, 2007, the automobile driven by a man later identified as Flores rear-ended a vehicle on a street in Lincoln, Nebraska. Flores attempted to flee but later returned to the scene. In this appeal, Flores does not dispute the fact that he was operating a motor vehicle.
On November 16, 2007, Flores was charged with driving during revocation, subsequent offense. Flores' license had been revoked for 15 years pursuant to a February 5, 1993, thirdoffense driving under the influence (DUI) conviction under a Lincoln municipal ordinance. Flores committed the offense on May 10, 1992. At an arraignment on November 28, 2007, Flores waived service of a copy of the information and entered a plea of not guilty. On December 7, Flores moved to withdraw his plea of not guilty so that he could file a plea in abatement. The district court denied the motion.
After a bench trial conducted on March 14 and 19, 2008, the court found Flores guilty of the underlying offense. Following an enhancement hearing held on May 7, the court determined that the instant offense should be enhanced for punishment as a subsequent offense of driving during revocation. The State relied upon evidence of a 2006 conviction for driving during revocation, which had resulted in a sentence to probation. After a sentencing hearing on May 19, the court sentenced Flores to 2 to 3 years' imprisonment and revoked his operator's license for 15 years from the date of his release.
This timely appeal followed.

ASSIGNMENTS OF ERROR
Flores assigns, consolidated and restated, that the district court erred in (1) admitting exhibit 1 because it was not relevant, (2) denying his motions to dismiss, (3) finding that there was sufficient evidence to convict Flores under § 60-6,197.06, (4) denying his motion to withdraw his not guilty plea, and (5) imposing an excessive sentence.

STANDARD OF REVIEW
[1] This appeal presents a question of law. When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. State v. Head, 276 Neb. 354, 754 N.W.2d 612 (2008).
[2] Withdrawal of a plea is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of that discretion. State v. Kuhl, 276 Neb. 497, 755 N.W.2d 389 (2008).
An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. State v. Davis, 276 Neb. 755, 757 N.W.2d 367 (2008).

ANALYSIS

Application of § 60-6,197.06.
Flores argues that even if he drove while his license had been revoked pursuant to a city ordinance, he could not be convicted of the offense contained in § 60-6,197.06 for driving under a revoked license, because this section only proscribes driving with a license revoked after being convicted under a state statute. Flores asserts that he committed no offense, because § 60-6,197.06 lacks language that declares to be unlawful driving during a license revocation imposed as a penalty for violation of a city ordinance. This argument, which we reject, underlies three of Flores' assigned errors. First, Flores argues that exhibit 1a record of the conviction which resulted in a revocation of his operator's licensewas irrelevant. Second, Flores argues that the court erred in denying his motions to dismiss. Third, he claims the court erred in convicting him.
At first blush, this argument might appear to have merit because § 60-6,197.06 does not explicitly refer to license revocations pursuant to city ordinance. The relevant portion of § 60-6,197.06 provides as follows:
Any person operating a motor vehicle on the highways or streets of this state while his or her operator's license has been revoked pursuant to subdivision (4), (5), (6), (7), (8), (9), or (10) of section 60-6,197.03 or section 60-6,198, or pursuant to subdivision (2)(c) or (2)(d) of section 60-6,196 or subdivision (4)(c) or (4)(d) of section 60-6,197 as such subdivisions existed prior to July 16, 2004, shall be guilty of a Class IV felony, and the court shall, as part of the judgment of conviction, revoke the operator's license of such person for a period of fifteen years from the date ordered by the court and shall issue an order pursuant to section 60-6,197.01.
However, the reference to earlier versions of Neb. Rev. Stat. § 60-6,196 (Reissue 2004) requires us to consider the statutory language in effect at the time Flores committed the offense, which, in turn, entails an examination of whether Flores was convicted of a city ordinance enacted in conformance with statute.
Flores' license had been revoked pursuant to § 60-6,196(2)(c) as it existed at the time of the offense. At the time of Flores' offense, § 60-6,196(2)(c) was codified at Neb. Rev. Stat. § 39-669.07(2)(c) (Cum. Supp. 1990). As a result of enactment of 1993 Neb. Laws, L.B. 370, the former § 39-669.07(2)(c) became § 60-6,196(2)(c) without any substantive change to its language. Section 39-669.07(2)(c) set forth the elements of third-offense DUI and the term of license revocation which results from a conviction for the offenseboth of which are the same as those contained in the city ordinance which Flores violated.
While Flores was not directly convicted of violating § 39-669.07(2)(c), another provision of § 39-669.07 as it then existed made violation of a conforming city ordinance a violation of § 39-669.07(2)(c) for purposes of license revocation. Section 39-669.07(6), in effect at the time of Flores' conviction, provided as follows:
Any city or village may enact ordinances in conformance with this section . . . . Upon conviction of any person of a violation of such a city or village ordinance, the provisions of this section with respect to the license of such person to operate a motor vehicle shall be applicable the same as though it were a violation of this section.
[3] The words of the second sentence of § 39-669.07(6) must be given their plain and ordinary meaning, which requires us to view the ordinance violation as a violation of § 39-669.07(2)(c). In the absence of a statutory indication to the contrary, words in a statute will be given their ordinary meaning. Loves v. World Ins. Co., 276 Neb. 936, 758 N.W.2d 640 (2008). The ordinary meaning of the phrase "as though it were" requires us to treat a violation under a city ordinance enacted in conformance with § 39-669.07 as indistinguishable, or as the exact same thing, for purposes of matters "with respect to the license . . . to operate a motor vehicle." Therefore, Flores' violation of a city ordinance constituted a violation of § 39-669.07(2)(c) for purposes of license revocation, so long as the ordinance was enacted "in conformance" with the applicable statutes.
[4] We reject Flores' contention that the statutory language equivalent to § 39-669.07(6) merely constitutes a grant of power for cities and villages to prosecute DUI's"not a legislative determination that a felony conviction may be secured by convictions deriving from city or village ordinances." Brief for appellant at 17. This construction would lead to an absurd result. A penal statute is given a strict construction which is sensible and prevents injustice or an absurd consequence. State v. Hochstein and Anderson, 262 Neb. 311, 632 N.W.2d 273 (2001). Flores' interpretation of § 60-6,197.06 would render license revocation meaningless for all those in a situation similar to Floresi.e., for those whose licenses had been revoked pursuant to a city ordinance and prior to July 16, 2004. We can find nothing that suggests that this was the intended result of § 60-6,197.06.
Flores also argues that the city ordinance under which he was convicted was not enacted "in conformance" with § 39-669.07. Flores states that the city ordinance did not afford him the opportunity to receive a jury trialto which he was entitled pursuant to State v. Wiltshire, 241 Neb. 817, 491 N.W.2d 324 (1992), overruled on other grounds, State v. Louthan, 257 Neb. 174, 595 N.W.2d 917 (1999), and which he could have requested if he had been charged with a violation of the corresponding statute. In Wiltshire, which was decided shortly after Flores pled guilty to third-offense DUI, the Nebraska Supreme Court decided that Neb. Rev. Stat. § 25-2705 (Reissue 1989), which prevented a criminal defendant charged with violating a city ordinance from requesting a jury trial, was unconstitutional as it pertained to third-offense DUI convictions. We note that Flores does not contend that the ordinance did not otherwise conform to statute.
The problem with Flores' contention is that he has not shown that any city ordinance prevented him from requesting a jury trial. It appears that Flores believes that § 25-2705 prevented the city of Lincoln from enacting any conforming ordinance. This is not a logical interpretation of § 39-669.07(6). Section 39-669.07(6) only required that the city enact its DUI ordinances "in conformance" with statutewhich Lincoln did by enacting an ordinance with the same material provisions as the corresponding state statute. The apparent purpose of § 39-669.07(6) was to govern the content of ordinances passed by citiesnot the content of legislation passed by the Legislature. Because cities have no control over the Legislature, they cannot be required to amend statutes that may prevent conformance. Because Flores has not shown us that a city ordinance impaired his right to a jury trial, we need not further consider this matter.
[5,6] We also conclude that any further argument directed to the validity of Flores' 1993 conviction would constitute a collateral attack, which is not permitted in the present circumstances. When a judgment is attacked in a manner other than by a proceeding in the original action to have it vacated, reversed, or modified, or by a proceeding in equity to prevent its enforcement, the attack is a collateral attack. State v. Keen, 272 Neb. 123, 718 N.W.2d 494 (2006). Collateral attacks on previous proceedings are impermissible unless the attack is grounded upon the court's lack of jurisdiction over the parties or subject matter. Id. Further, pursuant to State v. Louthan, supra, the only ground on which a DUI conviction may be collaterally attacked is that it was obtained in violation of the defendant's Sixth Amendment right to counsel. Finding no evidence of such situation in the instant case, we conclude that the 1993 conviction is binding for purposes of this appeal.

Motion to Withdraw Not Guilty Plea.
Flores insists that the court erred in denying his motion to withdraw his earlier plea of not guilty so that he could make a plea in abatement. We find no merit to this claim. The record clearly shows that Flores desired to enter a plea in abatement solely to make the legal argument we have already rejected. Thus, no prejudice resulted from the court's action. We find no abuse of discretion in the court's denial of the motion.

Excessive Sentence.
Flores argues that the district court's sentence of 2 to 3 years' imprisonment and a 15-year license revocation was excessive. Flores was convicted for a subsequent offense of driving during revocation, which § 60-6,197.06 assigns as a Class III felony. A Class III felony is punishable by 1 to 20 years' imprisonment, a $25,000 fine, or both. The 15-year license revocation was mandatory under § 60-6,197.06 and thus by definition is not excessive.
[7] Sentences within statutory limits will be disturbed by an appellate court only if the sentence complained of was an abuse of judicial discretion. State v. Williams, 276 Neb. 716, 757 N.W.2d 187 (2008). Flores argues that a lesser sentence would have fulfilled the statutory purposes, but does not identify the circumstances supporting a lesser penalty. As the State correctly responds, Flores was not convicted of a drug- or alcohol-related offense and he disclaimed any need for substance abuse treatment. Flores fails to articulate any basis upon which a lesser sentence would deter future instances of driving under revocation.
Under the circumstances before us, we find no basis for characterizing a sentence close to the statutory minimum as excessive. We find no abuse of discretion in the sentence imposed by the district court.

CONCLUSION
Because the statutes require us to treat a violation of a DUI ordinance as if it were a violation of the equivalent statute for purposes of license revocation, we conclude that the district court did not err in admitting exhibit 1 into evidence, denying Flores' motion for a directed verdict, and finding Flores guilty beyond a reasonable doubt. Because Flores sought to enter a plea in abatement to assert a legal argument which we rejected, we find that the district court did not err in denying Flores' request. Finally, we conclude that the district court did not abuse its discretion in sentencing Flores.
AFFIRMED.